**UNITED STATES of America**

**v.**

**Robert CHAMBERS, Appellant.**

**No. 18105.**

United States Court of Appeals, Third Circuit.

Argued Feb. 20, 1970.

Decided July 6, 1970.

Carolyn E. Temin, Philadelphia, Pa., for appellant.

Edwin E. Naythons, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., Jeffrey M. Miller, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before KALODNER and VAN DUSEN, Circuit Judges, and FULLAM, District Judge.

OPINION OF THE COURT

PER CURIAM:

On August 14, 1967, the appellant was placed on probation for five years, after pleading guilty to a Dyer Act charge in the district court (E.D.Penna., Crim. No. 22953). Slightly more than twenty-four hours later, at about 11:00 P.M. on August 15 appellant became involved in a hit-run accident while driving a stolen car, resulting in his arrest and subsequent indictment on state charges of larceny, receiving stolen goods, and operating a motor vehicle without the consent of the owner.

On August 25, 1967, while the state charges were still pending, the district court, after a full hearing at which appellant was represented by counsel, revoked his probation and sentenced him to four years' confinement under 18 U.S.C. § 4208(a) (2). On January 2, 1968, appellant was acquitted of all charges at a non-jury trial in the state court.

Appellant made no attempt to challenge his federal sentence until January 3, 1969, when he filed in the district court a petition for leave to proceed in forma pauperis, to which was attached a petition he proposed to file seeking a writ of error *coram nobis*, purportedly pursuant to the All-Writs Act, 28 U.S.C. § 1651(a).[1] Ultimately he was permitted to proceed in forma pauperis. The government filed an answer and an amended answer, and a hearing was held on July 8, 1969. Considering the matter as an application to vacate sentence and reconsider the revocation of probation, the district court entered an oral order from the bench at the conclusion of the hearing, denying the application. This appeal, presumably from that order, followed.

This appeal has been argued by both sides as if it were an appeal from the sentence, or from the revocation of probation. Perhaps this confusion is attributable to the fact that the transcript of the hearing of July 8, 1969, and all subsequent proceedings in the collateral civil action, were docketed in the district court as part of the original criminal case. Upon examination of the total record in both cases, however, it is clear that this appeal is from the denial of the collateral petition to vacate. This somewhat narrows the issues before us.

Since it is obvious that the appellant was accorded procedural due process in the revocation proceeding, he can be successful in this appeal only if, as a matter of law, his acquittal of the state charges removed all factual support

from the earlier revocation of probation. In our view, the district court was clearly correct in rejecting this contention.

▮ There are many reasons for this conclusion. Ordinarily, probation may be revoked on the basis of conduct which falls short of criminal conduct, Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932). Even conceding that in this case the sole reason for the revocation order was the district court's finding that the appellant was in fact guilty of the state criminal offenses, the burden of proof was greater in the criminal trial. See, generally: Seymore v. Beto, 383 F.2d 384 (5th Cir. 1967); Bernal-Zazueta v. United States, 225 F.2d 64 (9th Cir. 1955); United States ex rel. MacLaren v. Denno, 173 F.Supp. 237 (S.D.N.Y.), aff'd, 272 F.2d 191 (2nd Cir. 1959) cert. den., 363 U.S. 814, 80 S.Ct. 1252, 4 L.Ed.2d 1155 (1960). And even conceding that the district court would not have revoked probation if it had not been convinced of appellant's guilt beyond a reasonable doubt, the validity of the court's findings could in no way be affected by the later contrary findings of the state tribunal. *See, e.g.,* United States v. Markovich, 348 F. 2d 238 (2d Cir. 1965). And finally, the revocation order was based in part upon a finding that appellant was guilty of the hit-run violation, a charge for which he was not prosecuted in the state court.

The state court acquittal was apparently due to the fact that an eyewitness who testified for the government in the district court changed his testimony at the state criminal trial. It is reassuring to note that, although not required to do so in the collateral proceeding, the district judge fully reviewed all of the evidence in both the state and federal hearings and remained convinced that the witness testified truthfully at the revocation hearing.

---

1. Of course, this procedure should have been brought under 28 U.S.C. § 2255, and it was apparently so treated by the district court, Civil Action No. 69–147.

For the reasons discussed above, we are satisfied that the record demonstrates not only that there is no basis for collateral attack upon appellant's sentence, but also that the sentencing judge did not abuse his discretion. However, a formal defect in the district court record makes it necessary to dismiss the appeal, rather than affirm: no written order signed by the clerk (or the hearing judge) was ever entered in compliance with Fed.R.Civ.Pro. 79(b).[2] Levin v. Wear Ever Aluminum, Inc. et al., 427 F.2d 847 (3d Cir. 1970).

The appeal will be dismissed.

2. It is assumed that such Order will be entered, in Civil Action 69–147, when the record is returned to the district court.