Commonwealth *v.* Rosciolo, Appellant.

Submitted September 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*John R. Merrick*, Public Defender, for appellant.

*Robert S. Gawthrop, III*, Assistant District Attorney, and *William H. Lamb*, District Attorney, for Commonwealth, appellee.

OPINION BY PACKEL, J., November 16, 1972:

After the death of the trial judge, a court *en banc* heard and denied the appellant's post-trial motions without the benefit of any notes of testimony. Subsequently, when the appellant appeared in court for sentencing, he fired his attorney but sentence was imposed without regard to his lack of representation by counsel. The court erred in both instances and therefore the appellant is entitled to post-conviction relief.

The Commonwealth contends that the notes of testimony were not necessary to the disposition of the post-trial motions since those motions raised only narrow legal questions which could be decided without review of the entire record. But such is not the case. The record shows that the appellant's motion for a new trial listed various factual grounds for relief, such as insufficiency of the evidence and improper reference to other crimes by a Commonwealth witness.

The Commonwealth also contends that even if the appellant did pose questions not answerable without reference to the notes of testimony, he cannot now be heard to complain, since he failed to request that the notes be transcribed. The case upon which the Commonwealth relies, *Commonwealth ex rel. McCurdy v. Burke*, 175 Pa. Superior Ct. 482, 106 A. 2d 684 (1954), holds merely that a criminal defendant is not always entitled to a new trial simply because the proceedings

were not reported. This is so because the right to have a trial stenographically reported is not necessarily a constitutional one, but is a statutory one, granted upon defendant's request.[1]

The right to have recorded notes of the evidence transcribed is also a statutory one.[2] That statute, however, provides for the production of a transcript at the direction of the court, as well as upon request of counsel. In *Shrum v. Pennsylvania Electric Co.,* 440 Pa. 383, 269 A. 2d 502 (1970), a non-criminal case, the court held that it was the duty of the moving party, not the judge, to obtain a transcript of the trial record. But there the moving party had been at fault in permitting a seven-year delay which caused the court to be unfamiliar with the trial.

In the instant case there was no fault on the part of the appellant. The trial judge was deceased. Under such circumstances, where a meaningful review by the court hearing argument on the motions is precluded by lack of familiarity with the trial details, fairness dictates that the court have a transcript made available before reaching a decision.

Even if the court were correct in its disposition of the post-trial motions, it erred in sentencing the appellant while he was without an attorney. There is no disputing that there exists a constitutional right to counsel at sentencing. See *Mempa v. Rhay,* 389 U.S. 128 (1967) ; *Commonwealth v. Johnson,* 428 Pa. 210, 236 A. 2d 805 (1968). The only question here is wheth-

---

[1] Act of May 1, 1907, P. L. 135, §2, as amended, 17 P.S. §1802. More recently our Supreme Court has held that the absence of a transcript, without an equivalent picture, can rise to constitutional dimensions. *Commonwealth v. Anderson,* 441 Pa. 483, 272 A. 2d 877 (1971). In the instant case the trial proceedings had been stenographically recorded but were not transcribed at the time of the action by the court *en banc.*

[2] Act of May 11, 1911, P. L. 279, §3, 12 P.S. §1198.

er the appellant lost that right by firing his lawyer on the day of sentencing.

The court below reasoned that to sustain the appellant's position would be to allow criminal defendants to postpone the imposition of sentence indefinitely. That would, of course, be an undesirable result, but one that could be easily avoided by a showing of the lack of good faith on the defendant's part. Here, where there was no such showing, where the appellant's allegations concerning his problems with his attorney went uncontradicted,[3] and where the appellant had nothing to gain by delay since he was already confined, the court should have continued the proceedings until the appellant was able to obtain different counsel.

The sentence is vacated and the case remanded for action on the post-trial motions with the benefit of the notes of testimony, and for resentencing if the motions are denied.

WRIGHT, P. J. and WATKINS, J., would affirm on the opinion of KURTZ, JR., P. J., of the court below.

---

[3] It should be noted that because of diverse circumstances he had not seen the lawyer for nearly a year.