Commonwealth *v.* Clark, Appellant.

Submitted June 15, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

172

*Martin A. Ostrow,* for appellant.

*James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., September 19, 1973:

On April 28, 1967, appellant Izell Clark was arrested and charged with two counts of larceny, receiving stolen goods, and conspiracy. Appellant pleaded guilty to the aforesaid charges and was given a sentence on November 6, 1967 of two years probation on each bill, both sentences to run concurrently.

On December 6, 1967, appellant was arrested on a charge of shoplifting. The probation officer entered a detainer and subsequently a violation of probation hearing was scheduled for March 8, 1968 at which appellant failed to appear. Appellant was again arrested on February 18, 1970 and held for court on additional charges of larceny, receiving stolen goods, and conspiracy. A probation revocation hearing was held on March 24, 1970, less than five weeks after he was apprehended, at which time appellant's probation was revoked and he was given a new sentence based on his failure to report to the probation officer from the time he was initially placed on probation. From March 8, 1968 until he was again arrested on February 18, 1970, appellant, as conceded by his counsel at the probation violation hearing, purposely avoided the probation office authorities for fear that he was going "to be sent away".

Appellant contends that his new sentence at the revocation of probation hearing is invalid because it was not imposed with reasonable promptness.

If the probationary period ended two years after his initial arrest on April 28, 1967, then the revocation of probation and new sentence were recorded eleven months after the probationary period had expired. If the probationary period ended two years after the date of sentence, then four and one-half months had elapsed beyond the probationary period.

With respect to sentences imposed after the expiration of the probationary period based upon a violation occurring within the period, the implications are clear under our statute[1] that, for such a violation occurring within the probationary period, the probation may be revoked within a reasonable time after the expiration of that period. *Commonwealth v. Fox*, 69 Pa. Superior Ct. 456 (1918). In *Commonwealth v. Duff*, 201 Pa. Superior Ct. 387, 394-5, 192 A. 2d 258, reversed on other grounds, 414 Pa. 471, 200 A. 2d 773 (1964), this court set forth the circumstances under which a revocation was permissible after the expiration of the probationary period, stating: "It seems obvious that a violation which takes place on the last day of the probationary period, or so near the end of the probationary period that the court cannot act within the period, should be punishable by a revocation of the probation thereafter. Similarly, a serious violation of the terms of probation which occurs under circumstances which prevent it from coming to the attention of the probation authorities or the court until after the expiration of the probationary period, should be punishable promptly after the court learns of it. . . . In each such case, the question reduces to whether the delay in the revocation and the imposition of the prison sentence is reasonable. It is sufficient that the court which imposed the probation should act promptly after the violation is discov-

---

[1] Act of June 19, 1911, P. L. 1055, §1, 19 P.S. Sec. 1051.

ered or, in the case of an accusation of crime, after the conviction, even though the probationary period has expired meanwhile."

In *Commonwealth v. Ferguson*, 201 Pa. Superior Ct. 649, 655, 193 A. 2d 657 (1963), this court extended the *Duff* rationale to the situation where the revocation of probation and the imposition of the prison sentence occurred after the expiration of the maximum sentence to which the defendant could have been sentenced, stating: "The merits of the system of probation in the correctional process are so obvious and so well known that its increasing use should be encouraged by all reasonable means.[2] If the probationer who successfully conceals his violations until after the expiration of his probationary period, which coincides with the legal maximum, can avoid all penalty for his violations, the use of probation will be discouraged." The instant case, however, is not a situation where probationer was concealing his probation "violations". Appellant's failure to report and his arrests were obviously well known to his probation officer. What, in fact, the probationer did was to conceal his own whereabouts, as evidenced by his failure to appear at the violation of probation hearing which was scheduled for March 8, 1968, and his failure thereafter to report, as required, to the probation authorities, thereby causing the very delay of which he now complains. He was in effect a fugitive from justice. A probation violator cannot avoid the consequences of his violation by the simple expedient of successfully avoiding arrest until the expiration of his maximum sentence.[3]

Furthermore this is not such a situation as was presented in the cases of *Commonwealth v. Bomberger,*

[2] See 67 Colum. L. Rev. 181.
[3] See *Commonwealth v. File*, 13 Cumb. 90 (1962).

214 Pa. Superior Ct. 429 (1969) and *Commonwealth v. White*, 218 Pa. Superior Ct. 188 (1971). In *Bomberger,* the defendant was placed on probation in order to make restitution. For a number of years payments were not made, and eventually probation was revoked. This court held that such a delay was impermissible, since the probation department knew, or should have known, for an extended period of time that the defendant was in violation of his probation. Similarly, in *White,* supra, defendant pled guilty to a certain offense and was placed on two years probation. Subsequently he was tried and convicted on other charges and sentenced. Over five months later, and five weeks after the end of the probationary period, the probation on the earlier conviction was revoked and defendant was sentenced to a prison term. There, in reference to the *Bomberger* decision we stated: "The delay in the instant case is just as unreasonable. *Appellant appeared before the same court and was convicted a second time in the same county.* Obviously, probation officials should have known of his conviction, and should have acted with 'reasonable promptness' in revoking his probation. A delay of five months in these circumstances was clearly unreasonable." (Emphasis added.) In *Bomberger* and *White* the probation officials not only knew of the probation violations but were in a position to take the appropriate actions since there were no indications that the probationers were unavailable. Here appellant evaded the authorities. Nevertheless, the probation department brought this case to court for a probation violation hearing promptly after each arrest. Upon the last arrest, appellant's probation was revoked just 34 days after the court reacquired personal jurisdiction over appellant. This was certainly a reasonable period under the circumstances since it was the appellant himself who delayed the disposition of his status as a probation violator.

Appellant further contends that there was insufficient evidence upon which the lower court could base a decision revoking his probation. Appellant contends that since the only testimony concerning his failure to report during his probation was that provided to the trial judge by his own counsel, the court therefore had no evidence before it upon which to revoke probation. We disagree. The notes of testimony establish that the probation officer was well aware of appellant's case. He informed the judge of appellant's arrest of December 6, 1967, of his failure to appear for the probation violation hearing scheduled for March 8, 1968, and of his apprehension on February 18, 1970, which made it possible to schedule the latest hearing. At that point, appellant's counsel fortified the Commonwealth's case when he informed the court: "Your Honor, to summarize briefly what the probation department stated here today; shortly after he was sentenced by your Honor, he was arrested for shoplifting, larceny. That case is still open. He was then arrested this year, in February, and that case is still open. But, he has not reported since the time that he was placed on probation by your Honor. I have spoken to the defendant, and he stated that the reason he did not report was because of the new arrest he was afraid he was going to be sent away; and that this is the technical violation up to this point." It is clear from all that was divulged at the hearing that from the time appellant failed to appear at his 1968 hearing and until his subsequent arrest over two years later in 1970, he had not reported to his probation officer.

A revocation hearing is not required to be a highly formal proceeding where traditional rules of evidence or criminal procedures must be strictly observed. In *Commonwealth v. Fox*, supra, this court stated: "It is not obligatory on the court in inquiring into the conduct of the defendant while on probation to proceed

according to the forms of law observed at the trial *nor is the evidence to be received by the court limited to that which may come through the channel of a regular examination in court. It is the judgment of the court which is to be informed.* It is only when the person on probation has satisfactorily met the conditions of his probation that the court is required to discharge him. We find nothing in the statute nor in the purpose to be accomplished in its enactment which requires us to hold that sentence may not be imposed after the period of probation if the fact be that the defendant has violated the conditions implied in the probation."[4] (Emphasis added.) In the instant case the evidence was sufficient to satisfy the lower court that defendant's conduct was not what was required under the terms of his probation: *Rogers v. U. S.*, 413 F. 2d 251 (10th Cir. 1969). Proof beyond a reasonable doubt is not required: *U. S. v. Chambers*, 429 F. 2d 410 (3d Cir. 1970). Appellant received a full hearing with the benefit of counsel and the evidence was sufficient to justify a revocation based upon appellant's failure to report to the probation officer.[5]

Order affirmed.

---

[4] Also see *U. S. v. D'Amato*, 429 F. 2d 1284 (3d Cir. 1970).
[5] Act of 1911, June 19, P. L. 1055, Sec. 4; 19 P.S. Sec. 1055.