## Commonwealth *v.* Lipton, Appellant.

Submitted June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

**126**

*H. John Witman, III,* Assistant Public Defender, for appellant.

*Peter F. Schenck,* Assistant District Attorney, *Stephen B. Harris,* First Assistant District Attorney, and *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., December 22, 1975:

Appellant Michael J. Lipton was arrested in February, 1971, and charged with possession of a dangerous drug (LSD). After a trial before a judge sitting without a jury, appellant was found guilty and, on May 18, 1973, was placed on probation for three years. On July 11, 1973, the lower court, having been made aware that the probationary period exceeded the legal maximum by two years, reduced the term to one year. Subsequently, appellant was convicted of possession of marijuana, and his probation was revoked. Appeal was taken to our Court from the Order of the Court of Common Pleas of Bucks County, revoking probation and imposing a prison sentence on appellant.

Appellant first argues that the lower court illegally reduced his period of probation, since the order was allegedly entered without advance notice to appellant, without appellant being present at the time the order was entered, and without the presence of counsel for appellant. We find this argument to be totally without merit. When an order of probation for a period in excess of the maximum permissible term of imprisonment is imposed, the lower court may at any time correct such excessive sentence of probation by reducing it. See *Commonwealth v. Ferguson,* 201 Pa. Superior Ct. 649, 193 A.2d 657 (1963). Furthermore,

as was stated in *Ferguson,* "[e]xcept in a capital case, it need not affirmatively appear in the record that the defendant was present when the order was amended, and it will be presumed that everything was rightly done." 201 Pa. Superior Ct. at 652. There is no prejudice alleged by appellant, nor is there any prejudice that could possibly have resulted from the reduction of the probation period without advance notice to appellant or without his presence or the presence of counsel. The lower court properly reduced the excessive period of probation.

Appellant next argues that the lower court was dilatory in revoking his probation after appellant was arrested for possession of marijuana, and that this tardiness requires us to order the sentence vacated and appellant discharged. It is true that when a sentence is imposed after the expiration of a probationary period, based upon a violation which occurred within the period [the situation in the case before us], the probation must be revoked and the sentence imposed within a reasonable time after the expiration of that period. *Commonwealth v. Clark,* 225 Pa. Superior Ct. 171, 310 A.2d 316 (1973). We do not believe, however, that an unreasonable amount of time passed in this case before the lower court revoked probation and imposed sentence. Appellant was originally placed on probation on May 18, 1973. Although the period of probation was reduced from three years to one year on July 11, 1973, the probationary period would have expired May 17, 1974. On March 23, 1974, approximately seven weeks before the expiration date, appellant was arrested for possession of marijuana. On May 16, 1974, the District Attorney of Bucks County petitioned for a hearing on the probation violation, and a hearing date was set for May 28, 1974. Appellant failed to show on the appointed day, allegedly because of the failure of the District Attorney to give proper notice of the hearing. On September 17, 1974, pursuant to §780-117 of The Con-

trolled Substance, Drug, Device and Cosmetic Act,[1] appellant pleaded nolo contendere to the charge of possession of marijuana and was granted probation without verdict. A hearing was set for November 15, 1974 on the probation violation, but the hearing was postponed until December 5, 1974. On the latter date, a hearing was held, probation was revoked, and appellant was sentenced to three to twelve months imprisonment. In any case, the pertinent question is whether the delay in revoking probation and imposing sentence was reasonable. *Commonwealth v. Duff*, 201 Pa. Superior Ct. 387, 192 A.2d 258 (1963), reversed on other grounds 414 Pa. 471, 200 A.2d 773 (1964). In the case before us, action was taken by the District Attorney to have appellant's probation revoked, seven weeks after the violation (the arrest for possession of marijuana) occurred. Final action was not taken by the lower court until 6½ months after the expiration date of the probationary period (8½ months after the probation violation); however, it was not unreasonable for the lower court to await the disposition of the charges against appellant for possession of marijuana. See *Commonwealth v. Duff, supra.* We find that the amount of time which elapsed before the revocation of probation and the imposition of sentence was not unreasonable.

Appellant's final argument is that the lower court erred in permitting witnesses to testify at his probation revocation hearing concerning the marijuana offense. Appellant's rationale is that he had a right to have his record expunged of that offense, and that the lower court therefore should not have permitted testimony concerning it. The purpose of a revocation hearing "is simply to establish to the satisfaction of the judge who granted probation that the individual's conduct warrants his continuing as a probationer." *Commonwealth v. Kates*, 452 Pa. 102,

---

1. Act of April 14, 1972, P.L. 233, No. 64, §17, 35 P.S. §780-117, as amended by Act of October 26, 1972, P.L. 1048, No. 263, §1.

119, 305 A.2d 701, 710 (1973). The hearing is not a highly formal procedure in which traditional rules of evidence and strict rules of procedure must be complied with, *Commonwealth v. Clark, supra,* nor is proof beyond a reasonable doubt a requirement, *United States v. Chambers,* 429 F.2d 410 (3d Cir. 1970). There is no allegation in the case before us that the witnesses or their testimony were untrustworthy in any way; the only argument is that appellant had a legal right to have the marijuana arrest not considered a probation violation. We find that the lower court properly considered the matter of appellant's arrest, and properly allowed witnesses to testify concerning that offense.

The Order of December 5, 1974, revoking probation and imposing a term of imprisonment of three to twelve months, is affirmed.

────────

DISSENTING OPINION BY HOFFMAN, J.:

Three questions are raised in this appeal from revocation of appellant's probation: 1) whether a sentencing judge may reduce an unlawful sentence without notifying the defendant and affording him an opportunity to be present; 2) whether the delay in revoking appellant's probation was unreasonable under the circumstances; and 3) whether it was error to permit testimony by the arresting officer concerning an arrest when the record of the subsequent conviction would, in the ordinary course of events, be expunged.[1]

On October 30, 1972, appellant was convicted of possession of dangerous drugs.[2] After post-trial motions were

────────

1. Because I would hold that the delay in revoking appellant's probation was unreasonable, I find it unnecessary to address appellant's third claim relating to the evidence introduced at the revocation hearing. See note 3 *infra.*

2. The Drug, Device and Cosmetic Act, Act of 1961, Sept. 26, P.L. 1664, §4; 35 P.S. §780-4 (repealed June 14, 1972).

denied, appellant was sentenced on May 18, 1973, to three years' probation. The maximum lawful sentence for a first offender, however, is only one year of imprisonment. See The Drug, Device and Cosmetic Act, Act of 1961, Sept. 26, P.L. 1664, §20; 1963, Aug. 24, P.L. 1147, No. 488, §§1, 2; 35 P.S. §780-20 (repealed June 14, 1972). On June 26, 1973, appellant's counsel informed the court of this error. On July 11, 1973, the court modified the order of sentence to provide for one year of probation without notice to appellant or his counsel.

Appellant's probation file was transferred from Bucks County to Dauphin County in July, 1973; and appellant began reporting to that office in August. On March 23, 1974, appellant was arrested in Bucks County and charged with possession of a small quantity of marijuana. The Tinicum Township police notified the Bucks County Probation Department of the arrest, and a representative of the Probation Department attended appellant's arraignment. On March 25, 1974, appellant discussed the arrest with his probation officer in Dauphin County, who told appellant that he would not cite appellant for a violation of probation. On May 17, 1974, appellant's probation expired; and on May 29, 1974, appellant's probation officer wrote to the Bucks County Department of Probation advising them that appellant had successfully completed his probation and recommending that he be discharged.

Unbeknownst to appellant or his probation officer, the Bucks County District Attorney had already taken steps to revoke appellant's probation. The District Attorney had learned of appellant's arrest on April 1, 1974, and had petitioned the court on May 16, 1974, for a hearing on the question of revocation. On May 22, 1974, the court ordered that a revocation hearing be set for May 28, 1974. The Commonwealth concedes that appellant never received notice of the May 28th hearing. Nonetheless, when appellant failed to attend, a bench warrant was issued for his arrest. On June 13, 1974, appellant was arrested and

jailed. A second hearing was set for July 8, 1974. The District Attorney filed an amended petition which cited appellant's failure to attend the May 28th hearing as an additional reason in support of revocation. On July 5, 1974, appellant filed a petition for a writ of habeas corpus alleging that the revocation proceedings were unlawful because they had been unreasonably delayed and because the initial probation sentence had been illegally imposed. The court took the petition under advisement and released appellant on bail.

On September 17, 1974, appellant entered a plea of nolo contendere to the charge of possession of marijuana and was placed on thirty days' probation without verdict.[3] Appellant's petition for writ of habeas corpus was then denied on September 25th, and the revocation hearing was set for November 15, 1974. At the hearing, the District Attorney withdrew the amended petition, which had charged the appellant's failure to attend the previously scheduled hearing as a violation of probation. When the District Attorney attempted to introduce appellant's plea of nolo contendere to the marijuana charge, appellant's counsel objected, contending that Section 17 of The Controlled Substance, Drug, Device and Cosmetic Act pre-

---

3. Controlled Substance, Drug, Device and Cosmetic Act, Act of 1972, April 14, P.L. 233, No. 64, §17, eff. June 14, 1972, as amended 1972, Oct. 26, P.L. 1048, No. 263, §1; 35 P.S. §780-117. This Section provides for expunction of the record of any person who pleads nolo contendere to a charge of possession of a controlled substance and who successfully serves a period of probation of thirty days. The provisions of Section 17 exclude from eligibility persons convicted . . . "of an offense under this act or under a similar act of the United States, or any other state." . . . The clear import of Section 17 is that it is reserved for first offenders, however, the statute makes no mention of persons convicted under prior statutes of this state. Note 2, supra. It is unnecessary to decide whether appellant's plea was properly accepted by the court below because that question is not before this Court.

cluded the introduction of that plea.[4] Although the court did not sustain appellant's objection, it nevertheless continued the revocation hearing until December 5, 1974, in order to permit the Commonwealth to secure the presence of the arresting officer. On December 5, 1974, the Commonwealth called the arresting officer, who testified to the facts and circumstances surrounding appellant's March 23 arrest, and a state crime laboratory chemist. Based upon this testimony, the court revoked appellant's probation and sentenced him to serve three months to one year in prison from the date of the hearing. This appeal followed.

I

Appellant's first contention is that it was improper for the court to modify a sentence in excess of the statutory maximum without giving notice to appellant or his counsel and without affording appellant an opportunity to be present when the new sentence was imposed.[5]

---

4. Section 17 (3) clearly prohibits the use of the record of a proceeding at which a plea of nolo contendere has been accepted after a defendant has successfully served his thirty days of probation, except that, by its terms, a list of persons processed under Section 17 may be kept so as to determine future eligibility for this treatment. Any other use of the plea is expressly prohibited. Appellant's objection was therefore proper, and any continuance granted the Commonwealth to secure additional testimony must be charged to the Commonwealth and not the appellant.

5. I do not see that our Supreme Court's opinion in *Commonwealth v. Gilmore*, —— Pa. ——, 348 A. 2d 425 (1975), precludes appellant from raising this issue at this time. Although *Gilmore* holds that the knowing failure to appeal from the order of probation constitutes a waiver of the right to challenge the validity of the conviction upon which the probation order is based, by its terms, the opinion gives such a right to appeal as a new right: ". . . a probation order, although interlocutory in nature, is made appealable." 348 A.2d at 427. Furthermore, *Gilmore* recognizes that in an appeal following probation revocation, a probationer is entitled to challenge the validity of the revocation proceedings and the legality of the final judgment of sentence.

The language of Pa.R.Crim.P. 1117 with respect to the right of a criminal defendant to be present at all stages of the criminal proceedings is clear and mandatory: "(a) The defendant *shall be present* at the arraignment, at every stage of the trial including the impanelling of the jury and the return of the verdict, and *at the imposition of sentence,* except as otherwise provided by this rule. The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict."[6] (Emphasis added). "It is ... clear that the time of sentencing is a 'critical stage' in criminal proceedings, and it is constitutionally required that both the defendant and his counsel be present. See *Commonwealth ex rel. Mullins v. Maroney,* 428 Pa. 195, 236 A. 2d 781 (1968)." *Commonwealth v. Morales,* 444 Pa. 388, 392, 282 A.2d 391, 392 (1971). See also *Mempa v. Rhay,* 389 U.S. 128 (1967); *Commonwealth v. Johnson,* 428 Pa. 210, 236 A. 2d 805 (1968); *Commonwealth v. Rosciolo,* 223 Pa. Superior Ct. 79, 296 A. 2d 852 (1972).

Generally, a sentence is subject to correction during the term in which it is rendered or, under a statutory exception,[7] within thirty days after the entry of the sentence

---

6. The requirements of Rule 1117 are amplified by Pa.R.Crim. P. 1405: "At the time of sentencing, the judge shall: (a) afford the defendant the opportunity to make a statement in his own behalf and afford counsel for both parties an opportunity to present argument and information relative to sentencing; (b) advise the defendant of his right to appeal and the time within which he must exercise such right and, if he is indigent, of his right to proceed in forma pauperis and to be provided free counsel." Rule 1405 was adopted July 23, 1973, effective in 90 days, and was therefore not effective on the date appellant was sentenced.

7. Act of June 1, 1959, P.L. 342, No. 70, §1; 12 P.S. §1032. It is interesting to note that modifications under the Act of 1959, *supra,* are subject to the following: "Provided, That all parties in interest, including the district attorney in criminal cases, are notified in advance of such proposed alteration, modification, suspension, reinstatement, termination, amendment or recission."

if the term terminated before the expiration of the thirty-day period. *Commonwealth v. Cole,* 437 Pa. 288, 263 A. 2d 339 (1970). Further, a court retains its inherent power to correct any patent mistakes in its orders even after the lapse of the term of court. *Commonwealth v. Cole,* supra; *Commonwealth v. Mackley,* 380 Pa. 70, 110 A. 2d 172 (1955); *Commonwealth v. Ferguson,* 201 Pa. Superior Ct. 649, 193 A. 2d 657 (1963). When a court imposes an unlawful sentence such a sentence ... *"is a mere nullity without force or effect, as though no order at all had been made; and the case necessarily remains pending until lawfully disposed of by sentence. ..."* *Commonwealth ex rel. Paige v. Smith,* 130 Pa. Superior Ct. 536, 198 A. 812 (1938), quoting *Miller v. Aderhold,* 288 U.S. 206, 211 (1933). See also *Commonwealth v. Harradine,* 148 Pa. Superior Ct. 451, 25 A. 2d 576 (1942). Thus, when a court corrects an excessive sentence, the situation is the same as if sentence had not been imposed, therefore, a criminal defendant enjoys the same protected rights to be present and to have counsel when he is resentenced, as he does when sentence is initially imposed.[8]

The Majority is correct in saying that except in capital cases, it need not affirmatively appear in the record that the defendant was present, and that there is a presumption of regularity to all proceedings of record. Citing *Commonwealth v. Ferguson,* supra at 652, 193 A. 2d at

---

Although the modification in the instant case was accomplished under the inherent power of the court, the same policy and constitutional considerations ought to apply.

8. Section 1371(d) of the new Sentencing Code, Act of 1972, Dec. 6, P.L. 1482, No. 334, §1371, added 1974, Dec. 30, P.L. 1052, No. 345, §1; 18 Pa.C.S. §1371 (appendix, 1975), provides: . . . "Probation may be eliminated or the term decreased without a hearing." It is unnecessary to decide whether this section applies to the instant case because the new Sentencing Code was not effective until March 29, 1975. It is likely that this section was meant to apply to lawfully imposed probationary periods, not to modifications of an illegally imposed sentence.

659. This presumption, however, is rebutted when neither appellant nor his counsel were notified of the modification until after the entry of the order.

Therefore, I would hold that the original sentence as modified was unlawful.[9] Because appellant's sentence of probation was not lawfully imposed, I would hold that he cannot have that probation revoked.

## II

Appellant's second contention is that the sentence imposed upon revocation of probation is invalid because it was not imposed with reasonable promptness.

Pa.R.Crim. P. 1409 provides: "Whenever a defendant has been placed on probation or parole, the judge *shall not revoke such probation* or parole as allowed by law *unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel* and there has been a finding of record that the defendant violated a condition of probation or parole."[10] (Emphasis added). The requirement of a speedy revocation hearing embodied in the Rule is nothing more than a restatement of the doctrine developed by our courts that a revocation hearing must be held with "reasonable promptness" after probation officials know or reasonably should have known

---

9. Ordinarily, when our Court holds that a sentence is unlawful, the appellant is remanded to the trial court for imposition of a lawful sentence. Under the facts of the instant case, the question of the lawfulness of the sentence is only relevant insofar as it relates to the propriety of revoking appellant's probation.

10. The constitutional requirements imposed by *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) have been read into Rule 1409: "[A probationer] is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is a probable cause to believe that he has committed a violation of his . . . [probation] and the other a somewhat more comprehensive hearing prior to the making of a final revocation decision." *Gagnon v. Scarpelli*, supra at 781-82. See also *Commonwealth v. Davis*, 234 Pa. Superior Ct. 31, 336 A. 2d 616 (1975).

of the violation. See, e.g., *Commonwealth v. Kates,* 452 Pa. 102, 305 A. 2d 701 (1973); *Commonwealth v. Davis,* 234 Pa. Superior Ct. 31, 336 A. 2d 616 (1975); *Commonwealth v. Clark,* 225 Pa. Superior Ct. 171, 310 A.2d 316 (1973); *Commonwealth v. White,* 218 Pa. Superior Ct. 188, 279 A. 2d 768 (1971); *Commonwealth v. Bomberger,* 214 Pa. Superior Ct. 429, 257 A. 2d 630 (1969); *Commonwealth ex rel. Hall v. Bd. of Probation and Parol,* 3 Pa. Commonwealth Ct. 435 (1971). The reasonableness of the delay is dependent upon the particular facts and circumstances of each case. *Commonwealth v. Duff,* 201 Pa. Superior Ct. 387, 192 A. 2d 258 (1963), rev'd on other grounds, 414 Pa. 471 (1964). It would not be unreasonable, for example, if the delay were attributable to active concealment by the probationer of the violation, see *Commonwealth v. Ferguson,* supra, or of his whereabouts, see *Commonwealth v. Clark,* supra. Further, it is not unreasonable for the court to delay a revocation hearing pending adjudication of criminal charges which are the basis for the revocation proceeding. *Commonwealth v. Davis,* supra; *Commonwealth v. Duff,* supra. However, absent such circumstances, revocation of probation must occur with reasonable promptness or be barred. *Commonwealth v. White,* supra.

In the instant case, appellant was arrested nearly two months prior to the expiration of his probation. The Bucks County probation officials knew almost immediately of his arrest. Appellant discussed the circumstances of his arrest with his Dauphin County probation officer two days afterwards. His probation officer apparently did not feel that this violation warranted a citation and proceeded to recommend appellant's discharge upon the expiration of his probationary period. Nearly two months after the violation occurred, on the day before appellant's probation was to expire, the Bucks County District Attorney's office first moved to set a hearing to determine whether appellant's probation should be revoked. Over two months ex-

pired before a hearing was set on the violation, but this was without legal effect because appellant's right to notice of the hearing was violated.[11] Appellant's arrest on June 13, 1974, nearly three months after the alleged violation occurred, and nearly a month after he believed that he had successfully completed his term of probation, was the first notice sent to the appellant that he was to face possible revocation. It was not until July 8, 1974, nearly three and one-half months after the violation, that the first properly scheduled hearing on the probation revocation was set. The court delayed the probation revocation hearing until November 15, 1974, in order to consider appellant's habeas corpus petition claim that the delay in holding the probation revocation hearing was unreasonable. The court further delayed the revocation proceeding to permit the Commonwealth to secure additional evidence following appellant's objection to the introduction of his nolo contendere plea. It was not until December 5, 1974, nearly eight and one-half months after the violation occurred, and nearly six and one-half months after the expiration of appellant's probation, that the court revoked appellant's probation and imposed a sentence of three to twelve months' imprisonment, the maximum allowable sentence. This Court has held that a five-month delay is unreasonable. *Commonwealth v. White,* supra.

Under the facts of this case, I would hold that the delay between the alleged violation of probation and the hearing on revocation of probation was unreasonable. I would, therefore, reverse the order of the lower court revoking probation and imposing sentence, and order appellant discharged.

SPAETH, J., joins in this dissenting opinion.

---

11. See Note 10, supra.