COMMONWEALTH *vs.* ELLIS C. WILLIS. February 21, 1986. *Practice, Criminal,* Speedy Trial, Argument by prosecutor, Instructions to jury, Assistance of counsel, Sentence, Waiver.

In his appeals from convictions on four indictments charging him with armed robbery and one indictment charging him with armed assault in a dwelling the defendant raises a number of issues. We affirm the convictions but remand the matter for resentencing because the defendant did not have the benefit of counsel at that stage of the proceedings.

1. *Denial of a speedy trial.* We take our facts mainly from the memorandum of the judge denying the defendant's motion to dismiss. A complaint against the defendant issued from the District Court in Dorchester on April 1, 1980, arising out of an incident which took place on March 22, 1980. A warrant for the defendant's arrest was given to a police officer on the date the complaint issued. At that time the defendant's address was listed as unknown. The warrant was returned without service on December 4, 1980, and there was no other activity in the case until the defendant filed a motion for a speedy trial on September 4, 1981.[1] He was arraigned on October 27, 1981, indictments were returned on January 7, 1982, and he was tried in October, 1983. The period of delay claimed to be in violation of the defendant's constitutional right to a speedy trial is from April 1, 1980, until the filing of the defendant's motion for a speedy trial in September, 1981. Any delays after the defendant filed his motion were insignificant or acquiesced in by the defendant. See *Barry* v. *Commonwealth,* 390 Mass. 285, 298 (1983).

The reason the warrant was not served and the defendant not notified of the charges is that from April 1, 1980, to December, 1981, the defendant was incarcerated in penal institutions of the Commonwealth. Other court proceedings involving the defendant, however, were not neglected by the district attorney for the Suffolk District.[2] On April 8, 1980, the defendant

---

[1] The defendant claims that the judge incorrectly weighed against the defendant his failure to move for a speedy trial in June, 1981, when he first learned of the charges. In the view we take of this case the three-month period has no bearing on the outcome.

[2] Roxbury and Dorchester are in the same county and are both served by the district attorney for the Suffolk District.

was arraigned on another charge in the Roxbury District Court, an indictment was returned on June 11, 1980, and on April 21, 1981, he was sentenced by a Superior Court judge to a sentence which was to run concurrently with a sentence he was then serving at M.C.I., Walpole.

Once the constitutional guaranty of a speedy trial has attached by the issuance of a complaint or indictment, *United States* v. *Marion,* 404 U.S. 307, 320 (1971); *Commonwealth* v. *Gove,* 366 Mass. 351, 357 (1974), the relevant factors in determining whether a defendant's constitutional right has been denied, see *Barker* v. *Wingo,* 407 U.S. 514, 530 (1972), are: "the length of the delay, the reasons for the delay, the extent of the defendant's assertion of his right to a speedy trial, and the prejudice, if any, to the defendant." *Commonwealth* v. *Edgerly,* 390 Mass. 103, 104 (1983).

We assume for purposes of this appeal that the delay between the issuance of the complaint and the defendant's notification and arraignment is sufficient under *Barker,* 407 U.S. at 530, to trigger the need for a further inquiry.

In this case the defendant's constitutional right under the *Barker* v. *Wingo* analysis will be protected by considering the factors entitling the defendant to a dismissal under Mass.R.Crim.P. 36(c), 378 Mass. 912 (1979),[3] that is, if "(1) the conduct of the prosecuting attorney in bringing the defendant to trial has been unreasonably lacking in diligence and (2) this conduct on the part of the prosecuting attorney has resulted in prejudice to the defendant."

In denying the defendant's motion, the motion judge found that there was "no evidence in the record" that the district attorney's conduct in bringing the defendant to trial was unreasonably lacking in diligence. The fact that the warrant was returned unserved "suggest[ed] that the defendant's whereabouts remained unknown throughout that period."

A busy prosecuting office may not be able to keep its whole staff informed about all the charges pending at the same time. In the age of centralized probation and correction records, however, we think the Commonwealth should not place undue reliance on the lack of service of the warrant. A prisoner does not forfeit his right to a speedy trial solely because of his incarceration, see *Smith* v. *Hooey,* 393 U.S. 374, 379 (1969); *Commonwealth* v. *Gove,* 366 Mass. at 357. It would not be unduly burdensome for a prosecutor to check central records when complaints or indictments have issued and warrants are returned unserved. See *Commonwealth* v. *Jones,* 360 Mass. 498, 501 n.3 (1971). These records, of course, may not be entirely current, especially where one defendant is charged with a number of offenses at about the same time. The Commonwealth, in the performance of its public trust may have some "duty to coordinate the efforts of its various

---

[3] We need not decide if this is always true. But see the Reporters' Notes to Mass.R.Crim.P. 36(c), Mass. Ann. Laws, Rules of Criminal Procedure at 532 (1979), which state that this rule "puts the constitutional standard into manageable operational terms" by "isolat[ing] two essential factors which are the substance of the constitutional protection."

criminal divisions in attempting to locate a defendant." *Brady* v. *Maryland,* 291 Md. 261, 267 (1981). This is particularly true where, as here, the defendant did not evade authorities, see *Commonwealth* v. *Underwood,* 3 Mass. App. Ct. 522, 528 (1975), or deliberately provide the police with false information, see *Commonwealth* v. *Anderson,* 9 Mass. App. Ct. 699, 705 (1980). We note that the same district attorney's office brought the defendant to court on other charges within a week of the issuance of the Dorchester complaint. See *People* v. *Anderson,* 127 Misc.2d 808, 811 (N.Y. Crim. Ct. 1985). Cf. *People* v. *Hill,* 402 Mich. 272, 281 (1978), and *People* v. *Woodruff,* 105 Mich. App. 155, 160 (1981), aff'd, 414 Mich. 130 (1982) (time is calculated from the time prosecutor should have known that a person is in custody). We are therefore not confident that the prosecutor's office could not have acted with more diligence.

A review of the trial does not, however, substantiate the defendant's claim that his defense was prejudiced. See *Commonwealth* v. *Gove,* 366 Mass. at 364. His only claims[4] at the time of his motion to dismiss were that the delay caused witnesses' memories to become diminished and that he might have been able to serve his sentence concurrently or to receive less harsh terms of imprisonment had he been tried earlier. See *Smith* v. *Hooey,* 393 U.S. at 378; *Moore* v. *Arizona,* 414 U.S. 25, 27 (1973).

As in *Gove,* 366 Mass. at 363-365, the defendant has not particularized his claim that he was precluded from making his best defense. We have reviewed the transcript and "find no significant failure of memory on crucial issues," although we recognize that "what has been forgotten can rarely be shown." *Commonwealth* v. *Look,* 379 Mass. 893, 903 (1980), in part quoting from *Barker* v. *Wingo,* 407 U.S. at 532. See *Commonwealth* v. *Beckett,* 373 Mass. 329, 335 (1977). To the contrary, the defendant's witnesses remembered the events of March 22, 1980, remarkably well.

The defendant also has not shown that he was deprived of opportunities for parole, concurrent sentencing,[5] or rehabilitation. The element of preju-

---

[4] In his pro se (supplementary) brief, in contrast to the brief filed by counsel, he claims that he had filed another motion in which he had indicated that three material witnesses had died. The trial judge in a 1985 memorandum denying postconviction relief (of which we take judicial notice) found that this motion was never filed in the Superior Court in Suffolk County and that "it would not be improbable to conclude that the defendant has intentionally endeavored to perpetuate a fraud on the Court by using a motion filed in another county in another case to convince the Court that his counsel was providing ineffective assistance." In any event, the claims concerning these witnesses are insufficient. The defendant does not state how these witnesses were material to his case or how they would have added anything significant to the testimony of his four alibi witnesses. See *Commonwealth* v. *Look,* 379 Mass. 893, 902, cert. denied, 449 U.S. 827 (1980).

[5] Even if the delay made impossible the imposition of concurrent sentences, the trial judge was "not . . . without power to fashion a disposition equally as favorable to the defendant as concurrent sentences." *Commonwealth* v. *Imbruglia,* 377 Mass. 682, 690 (1979).

dice to the defendant's defense thus remains speculative and insubstantial. *Commonwealth* v. *Blaney,* 5 Mass. App. Ct. 96, 100 (1977). *Commonwealth* v. *Jones,* 6 Mass. App. Ct. 750, 757 (1978). Nor has the defendant shown that the delay affected the other concerns set forth in *Barker* v. *Wingo,* 407 U.S. at 532, which the speedy trial right was designed to protect. The interests "to prevent oppressive pretrial incarceration [and] to minimize anxiety and concern of the accused" are not significantly implicated, as the defendant was in jail for other crimes and, for most of the period, was unaware of the Dorchester charges.

2. *Other claims of error prior to sentencing.* The defendant argues that the prosecutor's argument misled the jury as to the defendant's burden of proof and that the judge's instruction on the presumption of innocence compounded the problem. No objection was taken to either the prosecutor's closing or the judge's instruction on this point. A review of the prosecutor's argument and the charge as a whole leaves us convinced that here there was no miscarriage of justice.

The defendant's claims of ineffective assistance of counsel are fully answered by the memorandum of the judge on the defendant's motion for "mistrial, new trial or appropriate relief." Nothing contained in the defendant's pro se brief or in the transcript[6] (which we have reviewed) leads us to disagree with the trial judge's assessment that the defendant's trial attorney "was far more competent than the average fallible lawyer and that the defendant did not lack the effective assistance of counsel."

3. *Sentencing.* At the sentencing hearing, the defendant's trial counsel sought and was allowed to withdraw because of the defendant's allegations of ineffective assistance of counsel. The judge gave the defendant the choice of representing himself or retaining his trial counsel for the sentencing. When the defendant replied that he wished to represent himself, the judge immediately sentenced the defendant and denied his motion for a continuance.

Sentencing is a "critical stage" of a criminal proceeding to which the right to counsel attaches. *Mempa* v. *Rhay,* 389 U.S. 128, 134 (1967). *Osborne* v. *Commonwealth,* 378 Mass. 104, 114 (1979). *Katz* v. *Commonwealth,* 379 Mass. 305, 315 (1979).

We think that here, where both the defendant's attorney and the trial judge considered it appropriate for counsel to withdraw before sentencing, and where the trial had already concluded, the judge should have continued the proceedings until new counsel was appointed unless there was a clear and knowing waiver of counsel by the defendant. See *United States* v. *Daniels,* 558 F.2d 122, 127-128 (2d Cir. 1977); *Commonwealth* v. *Rosciolo,*

---

[6] The defendant claims that the denial of this motion without according new counsel an opportunity to look at the transcript was an abuse of discretion. The judge specifically informed counsel that if he had any additional arguments to make once he had the transcript that he should mark up the matter before the same judge.

.

223 Pa. Super. 79, 82-83 (1972). We do not think such a waiver may be found in the record. The fact that the attorney was discharged after the trial had been concluded was not by itself sufficient to constitute a waiver. *Commonwealth* v. *Rosciolo, supra* at 83. We think, therefore, that the defendant is entitled to a resentencing. *Katz* v. *Commonwealth,* 379 Mass. at 316.

The convictions shall stand but the sentences thereon are vacated, and there shall be further sentencing proceedings in the Superior Court.

*So ordered.*

*Henry P. Sorett* for the defendant.

*Robert N. Tochka,* Assistant District Attorney, (*Thomas Carafa,* Legal Assistant to the District Attorney, with him) for the Commonwealth.

