J-S81014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MILTON ACEVEDO | |
| Appellant | No. 1630 EDA 2015 |

Appeal from the Judgment of Sentence July 11, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1302933-2006

BEFORE: BOWES AND MOULTON, JJ., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 15, 2017**

Milton Acevedo appeals from the July 11, 2013 judgment of sentence of two to four years of state incarceration, which was imposed after he was found to be in violation of his probation. After careful review, we affirm.

On May 8, 2008, Appellant entered a negotiated guilty plea to possession of a controlled substance with intent to deliver ("PWID") and intentional possession of controlled substance by a person not regulated. He was sentenced to one and one-half to three years in a state correctional facility, followed by two years of reporting probation.

At a violation of probation ("VOP") hearing on April 16, 2013, the Commonwealth represented that Appellant received ten to twenty days incarceration on a contempt charge in December 2012, and that, in January

* Former Justice specially assigned to the Superior Court.

2013, he was convicted of possessing a controlled substance. The Commonwealth added that in June of 2011, Appellant was charged with PWID, and he was convicted of that charge in September 2011. Appellant was already serving a two and one-half to five year sentence of incarceration plus three years of probation at the time of the VOP, and there were active bench warrants.

Appellant did not challenge the direct violations and advised the court that he did not want a pre-sentence investigation. Instead, he maintained that, when he completed his incarceration on November 24, 2010, a background check revealed that he had no probation or supervision of any type. He alleged that he never received any information that he was on probation during the twenty-five month period he was out of prison.

The probation office and the Commonwealth recommended a period of incarceration in light of Appellant's three direct violations and the active bench warrants. The Commonwealth advised the court that Appellant had seventeen arrests and twelve convictions and argued that the fact that Appellant purportedly forgot that he had two years probation did not excuse the violations and his failure to appear for other matters.

The trial court did not credit Appellant's testimony that he did not know he was on probation, but acknowledged that paperwork often did not get transferred to the probation department. The trial court focused on whether Appellant was a good candidate for rehabilitation, and concluded, "it

would be hard to find someone who's a worse candidate." N.T. VOP Vol.I, 4/16/13, at 8. The trial court found Appellant to be in violation of his probation and sentenced him to two to four years incarceration to run consecutively to the two-and-one-half to five year sentence of incarceration plus probation that he was currently serving. The court also found Appellant to be RRRI eligible, which reduced his minimum sentence to eighteen months.

Two days later, Appellant filed a petition to vacate and reconsider his sentence, alleging that his sentence was manifestly excessive and unreasonable since the court failed to examine his background, did not order a pre-sentence report, and did not place its reasons for dispensing with such a report on the record in derogation of Pa.R.Crim.P. 702. The court denied the petition on April 22, 2013. On July 11, 2013, Appellant was again found to be in violation of probation and his probation was revoked. He was sentenced to two to four years imprisonment to run concurrently to any other sentence he was then serving. He filed a writ of *habeas corpus*, which was denied on November 15, 2013.

On March 14, 2014, Appellant filed a timely PCRA petition challenging his April 16, 2013 revocation sentence and alleging that he had served his entire sentence at the time of the resentencing on the VOP. Counsel was appointed, and he filed an amended PCRA petition averring that Appellant's

VOP counsel was ineffective in failing to file a requested appeal. PCRA relief was granted and Appellant's VOP direct appellate rights were reinstated.

Appellant filed the within appeal on June 8, 2015. He complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He alleged therein that the trial court erred in finding him in violation of his probation on April 16, 2013, as 1) his probation ended November 24, 2012 and he was never advised of that fact; and 2) the trial court imposed a sentence that was excessive and unreasonable as it failed to adequately examine and investigate his background, character, and rehabilitative needs, sufficiently state its reasons for the sentence imposed and for dispensing with a pre-sentence report. On March 8, 2016, the trial court filed its Pa.R.A.P. 1925(a) opinion and the matter is now ripe for our review.

Appellant presents two questions:

I.   Whether the Trial Court erred in finding that Appellant violated in violation [sic] of his probation.

II.  Whether Appellant's sentence was unduly harsh and unreasonable.

Appellant's brief at 8.

This is an appeal from a sentence imposed after the court revoked probation. This Court "can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." ***Commonwealth v.***

*Wright*, 116 A.3d 133, 136 (Pa.Super. 2015) (citing *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033 (Pa.Super. 2013) (*en banc*)).

Appellant claims first that the court erred in finding him in violation of his probation when he was never advised as to his probation upon his release and his assigned probation officer did not receive the case until November 6, 2012. He cites *Commonwealth v. Griggs*, 461 A.2d 221 (Pa.Super. 1983), in support of his contention that where a probationer is not advised of his probationary status or afforded the services to achieve the goal of rehabilitation, the court did not have authority to revoke his probation and resentence him to a term of imprisonment.

The Commonwealth counters that Appellant was informed at his May 8, 2008 sentencing that his sentence of incarceration was followed by two years probation, and his willful ignorance of his sentence does not entitle him to relief. The Commonwealth contends that *Griggs* is inapposite as lack of notice of probation excused only technical violations of probation, not direct violations such as Appellant's new arrests. The trial court in *Griggs* declined to find that Griggs technically violated his probation by not reporting where there was "a serious question as to whether the defendant was advised that he had to report." *Id*. at 224.

We note preliminarily that the VOP sentencing court did not credit Appellant's representation that he was unaware of his probationary sentence. *See* N.T. VOP Vol. I, 4/16/13, at 7. Additionally, we agree with

the Commonwealth that **Griggs** has no application when Appellant's probation was violated due to new crimes he committed, not for failure to report or other technical violations.

Appellant also alleges that his VOP hearing was not scheduled within a reasonable time as his probation ended November 24, 2012. The Commonwealth counters that Appellant's claim that his VOP hearing was untimely is waived on two grounds: first, he did not object at the VOP hearing as required under **Commonwealth v. Zeigler**, 428 A.2d 220 (Pa.Super. 1981); and secondly, he did not include this alleged error in his Rule 1925(b) statement. **See Commonwealth v. Lord**, 719 A.2d 306 (Pa.Super. 1998).

We agree with the Commonwealth that Appellant's claim is waived on both grounds. Moreover, a VOP sentence can be imposed after the expiration of the probationary period if the revocation is based on a violation that occurred within the probationary period, which was the case herein. **Commonwealth v. Lipton**, 352 A.2d 521 (Pa.Super 1975). In determining whether a VOP hearing is held within a reasonable period, we examine "the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay." **Commonwealth v. Woods**, 965 A.2d 1225, 1227 (Pa.Super. 2009) (quoting **Commonwealth v. Clark**, 2004 PA Super 97, 847 A.2d 122, 123-24 (Pa.Super. 2004)). The length of delay is measured from the date of conviction or guilty plea on the new charge until

the date of the revocation hearing. ***Commonwealth v. Christmas***, 995 A.2d 1259, 1263 (Pa.Super. 2010).

In the instant case, Appellant was arrested for offenses that he committed in June 2011 and May of 2012, during the probationary period. His conviction of the latter offense, a drug crime, on January 4, 2013 was one of the direct violations that triggered revocation. Appellant's probation was revoked in April 2013, less than four months after the January 4, 2013 conviction. As the sentencing court noted, the VOP hearing was originally scheduled for January 15, 2013, but continued at Appellant's request due to open matters. The continuance from April 9, 2013 to April 16, 2013 was to accommodate the trial court's schedule.

Additionally, Appellant did not demonstrate any prejudice due to the timing of the hearing. There is no allegation that evidence was lost or witnesses unavailable. Since he was already incarcerated during this period, he cannot claim that delay deprived him of his freedom. Hence, we agree with the trial court that it had the authority to revoke Appellant's probation and resentence him. This claim, even if preserved, affords no relief.

Next Appellant alleges that his sentence was harsh, unreasonable and manifestly excessive. He maintains that the trial court did not sufficiently state its reasons for the sentence imposed or place its reasoning for dispensing with a pre-sentence investigation on the record as required by Pa.R.Crim.P. 702.

Appellant's claim is a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Haynes*, 125 A.3d 800, 806 (Pa.Super. 2015). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence but instead, he must petition this Court for permission to appeal. *See* 42 Pa.C.S. § 9781(b). In order to reach the merits of a discretionary aspects claim, this Court conducts a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief contains a statement pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa.Super. 2015).

Appellant filed a timely notice of appeal, preserved the issue in his petition to vacate and reconsider sentence, and included a Pa.R.A.P. 2119(f) statement in his appellate brief. Thus, we turn to whether Appellant has raised a substantial question. "A substantial question exist only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*). We evaluate whether an appellant raises a

substantial question on a case-by-case basis. ***Commonwealth v. Seagraves***, 103 A.3d 839, 841 (Pa.Super. 2014).

In his Rule 2119(f) statement, Appellant contends that his sentence of two to four years imprisonment was inconsistent with 42 Pa.C.S. § 9721(c) because the court failed to adequately examine his background, character, and rehabilitative needs as it did not order a pre-sentence investigation. Additionally, he claims the trial court did not sufficiently state its reasons for the sentence imposed or its reasons for dispensing with a pre-sentence report. We find that Appellant's colorable claims present a substantial question, and hence, we turn to the merits. ***See Commonwealth v. Macias***, 968 A.2d 773 (Pa.Super. 2009) (finding that similar allegations presented a substantial question).

In reviewing a discretionary sentencing claim, we are mindful that sentencing is vested in the sound discretion of the sentencing court and will not be disturbed absent a manifest abuse of discretion. However, a judge's discretion is not unfettered, and "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the general rehabilitative needs of the defendant." ***Commonwealth v. Monahan***, 860 A.2d 180, 184 (Pa.Super. 2004).

In the context of probation revocation, the sentencing alternatives available to the court "shall be the same as were available at the time of

initial sentencing." 42 Pa.C.S. § 9771(b). However, a sentence of total confinement is limited to situations where the court finds that defendant has been convicted of another crime; the defendant's conduct indicates a likelihood that he will commit another crime if not imprisoned; or confinement is essential to vindicate the court's authority.

Appellant first challenges the trial court's failure to order a pre-sentence investigation and to explain its reason for choosing to dispense with it. He argues that such a report may have contained mitigation information that would have led the court to conclude that he was a strong candidate for rehabilitation.

The record of the April 16, 2013 VOP Hearing reveals that the trial court asked counsel for Appellant whether he wanted a pre-sentence investigation, and counsel responded in the negative. N.T. VOP Vol. I, 4/16/13, at 5. Hence, we agree with the trial court that Appellant waived the pre-sentence investigation. Furthermore, the court represented that it was "cognizant of Appellant's history, background and behavior while on probation when it fashioned Appellant's sentence because those considerations were put on the record via the Gagnon II and testimony of Appellant's probation officer." Trial Court Opinion, 3/8/16, at 6-7. Finally, Appellant does not proffer mitigating evidence that would have been contained in a pre-sentence report and to which the court was not otherwise

privy. Any claim based on the lack of a pre-sentence report is waived and wholly without merit.

Secondly, the court sufficiently explained at sentencing why it was imposing a term of incarceration. The court stated, "it would be hard to find someone who's a worse candidate [for rehabilitation]. Unfortunately and sadly, he just wanted to sell drugs." N.T. VOP Vol. I, 4/16/13, at 8. Such statements were sufficient in light of Appellant's continuing criminal activity. *See Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa.Super. 2004) ("a lengthy discourse on the . . . sentencing philosophy" is not required).

Finally, we find no abuse of discretion in sentencing Appellant to a period of total confinement since he was convicted of other crimes. Furthermore, the court had ample reason to conclude that Appellant's ongoing criminal activity made it likely that he would commit other crimes unless he was incarcerated. The sentence itself was not excessive or unreasonable on the facts herein.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/2017

- 11 -