## Commonwealth *v.* White, Appellant.

Submitted March 17, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

189

*Alan Edward Casnoff,* for appellant.

*Norris E. Gelman* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 16, 1971:

On July 10, 1968 appellant pled guilty to attempted burglary and was placed on two years probation. On December 18, 1969, appellant was arrested on various charges. At trial on March 3, 1970, he was found guilty of false pretenses and sentenced to prison. On August 16, 1970, over five months later, and five weeks after the end of the probationary period, probation on the 1968 conviction was revoked and appellant was sentenced to one to two years in prison to commence at the expiration of the 1970 sentence. From the second judgment of sentence this appeal followed.

Appellant contends that his sentence is invalid because the lower court did not revoke his probation with reasonable promptness. In *Commonwealth v. Duff,* 201 Pa. Superior Ct. 387, 192 A. 2d 258, rev'd on other grounds, 414 Pa. 471, 200 A. 2d 773 (1964), this Court delineated the circumstances under which a revocation was permissible after the expiration of the probation-

ary period. "[W]here the violation, which occurred during the probationary period, consists in the commission of a crime and the defendant pleads not guilty to that crime, the court should have the power to revoke the probation if it acts promptly after the trial at which the defendant is found guilty of the new crime.

In each such case, the question reduces to whether the delay in the revocation and the imposition of the prison sentence is reasonable. It is sufficient that the court which imposed the probation should act promptly after the violation is discovered or, in the case of an accusation of crime, after the conviction, even though the probationary period has expired meanwhile." Id. at 395, 192 A. 2d at 262-263.

In *Duff*, and in *Commonwealth v. Ferguson*, 201 Pa. Superior Ct. 649, 193 A. 2d 657 (1963), a delay of two weeks between notification of violation and revocation was held to be "reasonable promptness." In *Commonwealth v. Bomberger*, 214 Pa. Superior Ct. 429, 257 A. 2d 630 (1969), the defendant was placed on probation and ordered to make restitution. For a number of years payments were not made, and eventually probation was revoked. This Court held that such a delay was impermissible, since the probation department knew, or should have known, for an extended period that the defendant was in violation of his probation.

The delay in the instant case is just as unreasonable. Appellant appeared before the same court and was convicted a second time in the same county. Obviously, probation officials should have known of his conviction, and should have acted with "reasonable promptness" in revoking his probation. A delay of five months in these circumstances was clearly unreasonable.

The judgment of sentence is vacated.