Commonwealth *v.* Coffey, Appellant.

Submitted April 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Clencie L. Cotton,* for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., September 23, 1974:

This is an appeal from appellant's conviction on several charges of possessing and dealing in illegal

drugs. Several issues are raised which we find to be without merit, and we affirm the conviction.

The first issue we will consider is whether the lower court should have suppressed certain evidence seized by police, because the search warrant they used was not based on probable cause. "Probable cause requires proof of facts and circumstances as would excite an honest belief in a reasonable mind, acting on all the facts and circumstances within knowledge of the magistrate, that the charge made by the applicant for the warrant is true." *Commonwealth v. Crawley*, 209 Pa. Superior Ct. 70, 78, 223 A.2d 885, 890 (1966), *quoting Commonwealth v. Griffin*, 200 Pa. Superior Ct. 34, 39, 186 A.2d 656, 658 (1962). Moreover, the information found in the affidavit for the search warrant need not reflect the personal observations of the affiant, but can be based on information received from an informant. *Commonwealth v. Crawley*, supra. In the present case, the affidavit for the search warrant disclosed that the informant "was in [appellant's] residence twice in the past week of December 19, 1971, and bought heroin from Maureen [appellant] on one occasion, and her mother on another occasion." The affidavit further disclosed the names and addresses of two persons arrested and convicted on information that had been previously supplied by this informant. We are convinced that the affidavit for the search warrant contained sufficient information to support the reliability of the informant and establish probable cause. *Compare Commonwealth v. Brown*, 228 Pa. Superior Ct. 158, 323 A.2d 104 (1974) (probable cause for warrantless arrest not established).[1]

---

[1] Basically the same test for probable cause applies to arrests without warrant and applications for search warrants. *Spinelli v. United States*, 393 U.S. 410 (1969); *Commonwealth v. Brown*, 228 Pa. Superior Ct. 158, 323 A.2d 104 (1974).

Appellant's second argument is that she was prejudiced because the court below refused to require the production of a certain witness, held as a prisoner by federal authorities, who would have proved helpful to her defense. An accused's right "to have compulsory process for obtaining witnesses in his favor" is guaranteed by the Constitution of Pennsylvania in Article I, §9. However, implicit in such a right is the requirement that the defendant establish that the person to be produced has relevant or material testimony on the issues in question. *See State v. Lerner,* 308 A.2d 324 (R.I. 1973). In the present case, the record reveals that defense counsel agreed to contact the prisoner to ascertain what his testimony would cover. Although counsel did, on one occasion, contact the prisoner and request an affidavit from him as to the basis of his proposed testimony, no affidavit was forthcoming when the case was called for trial. Because such specific information to advise the court what this witness had to offer was not presented, the lower court properly declined to order the witness's production.

For her third argument, appellant claims that she was denied her right to a speedy trial which is guaranteed by both the Federal and our Commonwealth's Constitutions. Appellant was arrested for the present offenses on or about December 23, 1971, and May 18, 1972. On January 21, 1972, she was released upon posting an appearance bond. On May 31, 1972, after her second arrest, she was again released on bail pending trial. In June of 1972, the grand jury returned the indictment for the aforementioned charges. It was not, however, until January 24, 1974, that she received her trial. Thus, at first glance, the period of delay from arrest until trial was 25 months for some of the offenses and 20 months for others. Appellant must take responsibility for 2 months of that delay, because the Commonwealth was prepared for trial on November 26,

1973, but defense counsel needed more time to contact one of their witnesses. However, even with that reduction, the remaining unexplained delay of 23 and 18 months must be reviewed.

Presently, Rule 1100 of the Pennsylvania Rules of Criminal Procedure governs the time limits in which a trial shall commence after a written complaint has been filed. However, Rule 1100 specifically applies only to prosecutions commenced by written complaint after June 30, 1973. In the present case, the written complaints were filed in December 1971 and May 1972 and, accordingly, Rule 1100 is not applicable. To cases not affected by the adoption of Rule 1100, our courts have applied the balancing test set forth by the United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514 (1972), to determine whether an accused has been denied his right to a speedy trial. *Commonwealth v. Jones,* 450 Pa. 442, 299 A.2d 288 (1973); *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972). Under this test, the related factors to be considered together are: the length of the delay; the reason for the delay; the defendant's assertion of his right to a speedy trial; and the prejudice to the defendant from the delay. *Id.*[2]

First, as noted earlier, the delay involved in this case was approximately 25 months for several of the offenses. Even a delay this great is not sufficient alone to warrant the dismissal of the charges against appellant. *See Commonwealth v. Jones,* supra (where delay of 32 months between arrest and trial held not a denial of right to speedy trial). However, such a delay does require us to carefully review the remaining factors.

---

[2] We are not persuaded by appellant's argument that *Strunk v. United States,* 412 U.S. 434 (1973), removed the requirement of showing prejudice when requesting relief because of lack of a speedy trial. *Strunk* did not decide the merits of the speedy trial issue but only held that the relief granted by the lower court was improper.

Second, the reason for the delay is largely unexplained, except for 2 months attributed to appellant. On the other hand, there is no evidence that the delay was a tactic on the part of the prosecution to prejudice appellant's defense. *Cf. Commonwealth v. Pearson,* 450 Pa. 467, 303 A.2d 481 (1973).

Third, we find that appellant has not promptly asserted her right to a speedy trial. Although she was aware of the charges against her, appellant waited for over 22 months (and until the week before the first proposed trial) to present her motion to dismiss the indictment for lack of a speedy trial. Moreover, the record fails to disclose any request by appellant during this period to go to trial. Unlike the case of *Commonwealth v. Hamilton,* supra, where the defendant was unaware of the detainer lodged against him, we find no such excuse in this case and must weigh this factor against appellant. *See Commonwealth v. Jones,* supra.

Fourth, and last, we are not convinced that appellant suffered any real prejudice from the delay. Appellant claims that the delay caused her to lose the testimony of several witnesses. However, after our review, we find that appellant is basically complaining about the loss of two specific witnesses. One witness was the prisoner held by the federal authorities. As already discussed, the lower court was willing to order the production of this witness upon the specific showing by appellant that the witness's testimony would be relevant. Appellant, however, did not satisfy the lower court in that respect. She cannot now blame the loss of that witness on the delay.

A second witness, whose testimony appellant claims to have lost, had, according to defense counsel, been confined to a state hospital at the time of this incident and was there at the time of the trial. The loss of this witness cannot be attributed to the delay because the

witness was no more available to appellant immediately after the incident than he was at the time of trial.

Oppressive pretrial incarceration resulting from delay is also considered as prejudice although it is not as serious as the impairment of the defendant's defense. *Barker v. Wingo,* supra. However, in this case, appellant was almost immediately released on bail after her two arrests.

After weighing these factors, we have come to the conclusion that appellant has not been denied her right to a speedy trial. Although the delay was great, appellant never asserted her right until shortly before trial and has shown no prejudice from the delay.

Appellant's final argument is that the lower court erred in failing to require the presence of several witnesses subpoenaed by her. The witnesses were apparently to supplement appellant's defense that the Commonwealth had impure motives for prosecuting her, since she had previously revealed extortion among members of the police force. The record reveals that defense counsel, early in the trial, showed concern that these witnesses would not answer the subpoena. The lower court then told counsel that if these witnesses did not appear, he should call it to the court's attention. Although the absence of these witnesses was again discussed at a later time, defense counsel never requested the court to order their appearance. On the other hand, an examination of the record discloses that defense counsel acquiesced in the trial court's understanding that these witnesses were unnecessary because a stipulation between the parties sufficiently covered the subject matter of their proposed testimony. Defense counsel's tactical decision not to press this issue with the lower court cannot now be a basis of complaint.

For the above reasons, the judgment of sentence is affirmed.

HOFFMAN, J., concurs in the result.