Commonwealth *v.* Hicks, Appellant.

Submitted June 18, 1974.   Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Ronald J. Brockington,* for appellant.

*David Richman, Geoffrey H. Keppel, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., December 11, 1974:

This appeal comes before the court from the judgment of sentence of the Court of Common Pleas. Appellant's only argument here is that he was denied his constitutionally-guaranteed right to a speedy trial.[1] Appellant filed the proper pretrial motion to quash the indictment and there is no question that he has not waived this right. *Commonwealth v. Roundtree,* 458 Pa. 351, 326 A.2d 285 (1974). However, after examining appellant's contentions, we find them to be without merit and will, therefore, affirm the judgment of sentence of the lower court.

When determining whether the appellant has been denied a speedy trial, the courts of this Commonwealth apply the "balancing test" promulgated by the United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).[2] We examine four factors in weighing the merits of appellant's claim; (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant.

If the delay has been sufficiently long, it acts as a triggering mechanism, and we must then examine the other factors to determine if the delay is justified or excused. In the present case, there was a delay of approximately three and one-half years between arrest and trial. This delay is prima facie sufficient to require an examination of the other factors.

The record indicates 31 continuances were requested and granted between November 10, 1969, and November 20, 1972. Many of these continuances were asked for or caused by the defense, and as to those caused

---

[1] The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution.

[2] The *Barker* case has been adopted by the courts of the Commonwealth. *Commonwealth v. Jones,* 450 Pa. 442, 299 A.2d 288 (1973).

or requested by the prosecution, we see no deliberate attempt to hamper the defense.[3]  Where the appellant

---

[3] Appellant's court record, as given in the Hearing Of Motion To Quash Indictments reveals the following continuances:

### Continuances

| Date | Room | Reason |
|------|------|--------|
| 11-10-69 | 625 | |
| 12-12-69 | 625 | |
| 1-29-70 | 625 | Private counsel to be appointed |
| 3-19-70 | 625 | Bernard Segal appointed 3/4/70 |
| 5- 8-70 | 625 | Segal on trial |
| 6-11-70 | 625 | |
| 7-10-70 | 625 | |
| 8-12-70 | 625 | Defense attorney, Bernard Segal, on trial in North Carolina. Case continued to 9/21/70, Room 625 |
| 9-21-70 | 625 | Defendant not brought down from Graterford. Case continued to 10/26/70, Room 625 |
| 10-26-70 | 625 | Continued to 11/18/70, Room 625 |
| 11-18-70 | 625 | As to both defendant, continued to 1/11/71, Room 625.  Jury trial. |
| 1-11-71 | 625 | Continued to 1/25/71, Room 625 |
| 1-25-71 | 625 | Defendant not brought down from Dallas and Bernard Segal on trial. Defendants must be tried together.  Continued to 2/22/71, Room 625 |
| 2-22-71 | 625 | Continued to 3/22/71, Room 625.  Must be tried |
| 3-22-71 | 625 | Continued to 4/14/71, Room 625.  Motions to be heard prior to trial. Must be tried. |
| 6-15-71 | 625 | Open motions |
| 7-12-71 | 625 | Open motions.  Must go |
| 8-18-71 | 625 | Attorney on vacation |
| 9-17-71 | 625 | Open motions |
| 9-24-71 | 625 | Possible plea.  Must be tried |
| 10-20-71 | 625 | |
| 11- 5-71 | 625 | Attorney on trial |
| 12-13-71 | 625 | Continued to 1/13/72, request of defense |
| 1-13-72 | 625 | Possible plea.  Attorney not available |
| 2-28-72 | 625 | Attorney not available |
| 5-25-72 | 625 | Bernard Segal allowed to withdraw.  Ronald Brockington appointed |
| 7-31-72 | 625 | IBM note: correct counsel, Ronald Brockington. Continued to 9/11/72, 625 |

has, at least in part, caused the delay by requesting the continuances, he may not later complain that his right to a speedy trial was violated. *See Commonwealth v. Jones,* 450 Pa. 442, 299 A.2d 288 (1973); *Commonwealth v. Meehan,* 198 Pa. Superior Ct. 558, 182 A.2d 212 (1962); *U. S. ex rel. Barber v. Commonwealth of Penna.,* 429 F.2d 518 (3d Cir. 1970).

A review of the record from the hearing of the motion to quash the indictments reveals that appellant never asserted his right to a speedy trial. As the United States Supreme Court stated in *Barker v. Wingo, supra*: "We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." 407 U.S. at 532. Appellant must not acquiesce in the delay, but must assert his right to a speedy trial. *See Commonwealth v. Jones, supra.*

The final consideration is the prejudice caused the appellant by the delay. The United States Supreme Court has identified three interests which the speedy trial right was designed to protect: (1) to prevent oppressive pre-trial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Barker v. Wingo, supra.*

The record is unclear as to whether appellant's entire pre-trial incarceration was the result of the present charges. Appellant's attorney stated that appellant was confined at Dallas on another matter,[4] but

| 9-11-72 | 625 | Possible plea |
| 10- 6-72 | 625 | Courts closed for funeral |
| 10-26-72 | 625 | Continued to 11/20/72. No plea. Attorney to file motion to quash by 11/6/72, to be heard by 11/16/72, Room 625. |
| 11-20-72 | 784 | Motion to quash sent to Room 788 by order of BLAKE, J. Motion to be heard at time of trial. |

[4] An examination of the record from the Hearing of Motion To Quash Indictments reveals the following discussion:

later stated that appellant was in jail on the present charges only. Even if we assume that appellant's entire pre-trial imprisonment was related to these charges, his sentence was computed from July 31, 1969, indicating that he received credit towards his ultimate sentence for the time he was incarcerated. Appellant was also apparently given credit for the time from August, 1971, until December 29, 1971, when he was not in prison.

From the record, it is impossible to accurately gauge the amount of anxiety and concern the accused suffered as a result of the delay. We recognize the obvious difficulties one faces when charged with a crime and imprisoned, but we are not constrained to speculate as to whether the anxiety level was sufficiently high to require the indictments be quashed.

In addition, there is no indication that the delay caused any impairment to appellant's defense. Appellant in his brief does not allege any prejudice and our independent review of the record fails to reveal any prejudice to the appellant. On the contrary, it was the Commonwealth's witnesses whose memories were darkened by the shrouds of time and were unable to make identifications. Also, there is no evidence that the delay was planned by the Commonwealth in an attempt to hinder the defense. We conclude that from the record we do not see sufficient prejudice to require the indictments be quashed.

We are aware of the recent Pennsylvania Supreme Court decision in *Commonwealth v. Williams*, 457 Pa. 502, 327 A.2d 15 (1974), but we feel the facts of the present case are distinguishable. Williams was represented successively by four court-appointed attorneys,

---

"MR. LAWLER: Did he make bail?

MR. BROCKINGTON: No. He was in Dallas for a time.

THE COURT: For these charges or other reasons.

MR. BROCKINGTON: Other reasons, Your Honor . . . ." (NT 2).

and his trial was delayed for three and one-half years. The court there stated that the lower court had a duty to insure that Williams' case was tried without any undue delay. However, unlike the case at bar, the *Williams* case, *supra,* indicates that there was real prejudice caused the defense by the delay, the District Attorney actively planned and participated in the delay, and Williams indicated a desire for a speedy trial by attempting to secure private counsel to expedite his trial. These distinctions make *Williams* inapplicable to the present case.

After weighing all of the relevant factors, we find appellant's constitutional right to a speedy trial was not violated. Judgment of sentence is affirmed.