364 A.2d 414
**COMMONWEALTH of Pennsylvania**
v.
**Frederick JONES, Appellant.**

Superior Court of Pennsylvania.
Sept. 27, 1976.

---

John W. Packel, Asst. Public Defender, Chief, Appeals Div., Philadelphia, for appellant.

Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken to our Court from judgment of sentence rendered on February 3, 1975, at probation revocation hearing held that day. The record shows that following trial and adjudication of guilt to a charge of receiving stolen property on August 29, 1973, appellant was sentenced to three years' probation. Testimony, unchallenged, at the hearing on probation violation shows that appellant had been adjudicated guilty of certain other offenses at Philadelphia County No. 1809 November Term, 1973, trial on April 25, 1974. It was this adjudication which was the gravamen of the probation violation hearing. Further, the record in the instant case shows that on November 18, 1974, the violation of probation hearing was originally sought, but was postponed first to January 29, 1975 and then to February 3, 1975, the eventual date of hearing, with detainers on appellant, and with him in custody, presumably while other matters not questioned herein were pending.

Appellant challenges the February 3, 1975, imposition of sentence, arguing that an impermissibly long and therefore prejudicial period of time passed between the determination of guilt as to other charges, which determination was ultimately the issue in the revocation hearing, and the date of said hearing. It is clear that the operative period of inaction on the part of the Commonwealth is from April 25, 1974, to February 3, 1975, approximately nine and one-half months. Because the

record is silent as to the reasons for the aforementioned postponements of this hearing, we are not inclined to give the Commonwealth credit for the period which elapsed from November 18, 1974, to February 3, 1975. Were we to hold that the violation of probation charge was perfected on November 18, 1974, and any delay thereafter chargeable to appellant, even then the Commonwealth took no action for almost seven months—i. e., from April 25, 1974 to November 18, 1974.

Rule 1409 of the Pennsylvania Rules of Criminal Procedure is dispositive of the question raised herein.[1] The Rule provides that in the proper case, probation shall not be revoked "unless there has been a hearing *held as speedily as possible* at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole". (Emphasis ours). The transcript of testimony taken at the hearing makes clear that appellant and counsel, as well as a probation officer, were present and that a finding was made of probation violation. However, we held in *Commonwealth v. White*, 218 Pa.Super. 188, 279 A.2d 768 (1971), that the lapse of five months time between the adjudication of the parole-violating offense and the hearing was prejudicial under those circumstances. We find no facts in the present case to give us cause to deviate from *White's* delineation that five months may not be "as speedily as possible". We need not herein reiterate that minimal due process standards must be observed in probation revocation hearings. See *Morrissey v. Brewer*, 408 U.S. 471, 93 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973). Our Rules of Criminal Procedure mandate that a part of due

---

1. This Rule of procedure became effective on October 23, 1973, and therefore applied to the procedures applicable in this case from and after that date.

process in such cases as the instant one is the right to a speedy hearing. Appellant was denied this right.

Because of the disposition herein, we need not meet appellant's second issue, which is that the case must be remanded for failure on the part of the lower court stenographer to file a transcript of the February 3, 1975, hearing, pursuant to our Rule 46. This appeal was filed on February 14, 1975, and continued by our Orders of June 16, 1975, September 12, 1975, and December 19, 1975. The stenographer's transcript was finally filed on May 10, 1976. It is the regrettable but all to common practice that dilatoriness is perpetrated in the preparation and filing of notes of testimony. Such tardiness is condemned.

Judgment of sentence is vacated, and the sentence of probation is reinstated.

SPAETH, J., concurs in the result.

PRICE, J., files a dissenting opinion.

PRICE, Judge (dissenting).

The problem with which we are here confronted may be briefly stated: What length of time between an alleged probation violation and a hearing on probation revocation will be considered excessive? This problem is by no means new or novel, but is rather a recurring ill that needs to be diagnosed and cured. Our court has considered this question in the past and has largely decided each case on an individual basis with no attempt at employing uniform guidelines. I believe that such guidelines must be implemented.

We have, in the past, been faced with a similar problem when we considered allegations that the right to a speedy trial had been denied. The Supreme Court of the United States considered this issue in the landmark case of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and promulgated rules to aid in its resolution. In *Barker*, the Supreme Court determined that in ascer-

taining whether or not a defendant was given a speedy trial, courts would apply a balancing test. This test would consist of an examination of four factors: the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant. The length of the delay would be examined first to determine if it was presumptively prejudicial. If the length of the delay was excessive, it would trigger inquiry into the other three factors. After a review of the factors, the interests of the defendant would be balanced against the interests of society, and the final determination would be made.

Until the adoption of Pa.R.Crim.P. 1100 on June 8, 1973, the balancing test was applied by the courts of this Commonwealth. *Commonwealth v. Jones*, 450 Pa. 442, 299 A.2d 288 (1973); *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972); *Commonwealth v. Hicks*, 231 Pa.Super. 272, 332 A.2d 452 (1974); *Commonthwealth v. Coffey*, 230 Pa.Super. 49, 331 A.2d 829 (1974). Under Rule 1100, the balancing test was supplanted by definite time limitations for the commencement of trial. Rule 1100 expressed, to my view, our supreme court's desire to eliminate the variable factors from a determination of this important question.

It is interesting to note that although Pa.R.Crim.P. 1409, providing for a speedy hearing on probation revocation, was adopted after Rule 1100, a definite time structure was not made a part of Rule 1409. I can only conclude that, as Rule 1100 was of such recent origin, the supreme court in adopting Rule 1409 was aware of the possibility of setting definite time limitations but repect this approach as undesirable.

Because definite time limitations were rejected, this suggests to me that a correct intepretation of Rule 1409 requires a somewhat less stringent test. To my view, we should employ a balancing test when considering whether a defendant was denied his right to a speedy hearing on probation revocation under Rule 1409. The

*Barker* balancing test readily lends itself to a hearing such as is required in the instant case, and all the factors and relevant considerations present in the *Barker* situation are present in a probation revocation hearing.

In the case at bar, appellant was found guilty, on August 29, 1973, of receiving stolen goods and was placed on probation for three years. During this probation, on March 12, 1974, appellant pleaded guilty to charges of robbery and burglary and was sentenced on April 25, 1974, to one to three years imprisonment and two years probation. On February 3, 1975, appellant was given a hearing to determine if his 1973 probation should be revoked based on these new convictions. Appellant's probation was revoked and he was sentenced to nine months to two years imprisonment. Approximately eleven months had passed between the March 12, 1974, guilty plea and the February 3, 1975, hearing, and approximately nine and one-half months had passed between the April 25, 1974, imposition of sentence and the hearing.

Applying a balancing test, I would conclude that the delay of eleven months is presumptively prejudicial, thus mandating an examination of the remaining criteria. Although no reason for the delay appears of record, I also note that appellant never requested a hearing. In addition, appellant shows absolutely no prejudice of the type which this court should recognize as a result of any delay.

The violation prompting the hearing was the new convictions for several serious crimes while appellant was on probation. This is not a case where witnesses might forget or evidence might disappear. Appellant's guilt had already been established beyond a reasonable doubt and this issue may not be relitigated at the hearing. This prior determination of guilt would automatically be sufficient to support a revocation of probation.

Appellant argues that the case of *Commonwealth v. White*, 218 Pa.Super. 188, 279 A.2d 768 (1971), unequivo-

cally held that a five month delay was unreasonable. However, an examination of the *White* decision immediately shows that this statement is not accurate. In *White,* our court based its decision on the fact that the probationary period had expired before the hearing on probation revocation was held. In such a situation, the prejudice is so great that the balance is tipped in favor of the appellant. No such extenuating circumstance exists in the instant case.

The only other allegation of prejudice which appellant advances is that a delay in commencing the hearing might hamper the possibility of his serving any new sentence concurrently with existing sentences. I find this to be totally without merit. The judge at the probation revocation hearing always has the option to make any new sentences imposed run concurrently or consecutively with existing sentences. Pa.R.Crim.P. 1406(a). Sentencing must remain, within statutory limits, a matter largely discretionary with the trial court. In that light, this appellant had already been convicted of a crime and had been given an opportunity to rehabilitate himself without enduring prison confinement. The fact that he did not benefit from this opportunity, as evidenced by his further criminal activity, is evidence properly considered that more restrictive measures are needed to insure his nonparticipation in illegal activities. Any penalty is, in a sense, prejudicial, but certainly not of the type recognizable on appeal.

I cannot justify further leniency for a defendant who has repeatedly demonstrated his unwillingness to comply with the laws society has enacted. Appellant broke the law and was warned that such behavior would not be condoned. He has chosen to ignore this warning. So be it.

Applying a balancing test to the case at bar, I find the facts insufficient to tip the balance in favor of appellant. I would affirm the judgment of the lower court.