369 A.2d 407

**COMMONWEALTH of Pennsylvania**

v.

**Jerome SINCLAIR, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 1976.

Decided Nov. 22, 1976.

288

Timothy J. Savage, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant, incarcerated after revocation of probation, contends that the twenty-three month delay between the violation and the hearing violates due process. Further, he contends that the sentence upon revocation violates double jeopardy. We reject these contentions and, therefore, affirm the judgment of sentence.

The appellant pleaded guilty on May 14, 1970, to charges of aggravated robbery [1] and related offenses. Appellant had been incarcerated from the time of his arrest, and, by the time he appeared for sentencing on June 17, 1970, had already served 21 months in jail. During that period, social service counselors had worked successfully with appellant, and, as a result, appellant's presentence report was favorable. The court, therefore, sentenced appellant to a term of imprisonment of 11 to 23 months, credited him with time served, placed him on parole as of the date of sentencing, and accepted a Commonwealth recommendation of 5 years' probation:

"THE COURT: . . .

"On Bill 1359, accepting the Commonwealth's recommendation in this case, probation for a period of five years. That probation to be a State probation.

"Jerome, you have been in institutions before. You have been on probation before.

"You are now an adult. I will tell you something so that we can understand each other. I have accepted this plea-bargain arrangement not because of your past and not because of the offense committed, because the nature of the offense committed would ordinarily warrant something like a five to twenty-year sentence.

"You have shown, while institutionalized, that you do have some capacity to rehabilitate yourself. We are

1. The Penal Code, Act of June 24, 1939, P.L. 872, § 704; 18 P.S. § 4704; superseded by The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 101 et seq.

going to follow the recommendations of those with whom you have been working while you have been in prison.

"State probation is a sentence. It means that you have to conform to the rules of probation. If you had conformed with the rules of this society by which we live, you would not be here.

"If you violate the State probation rules, you will be back before me. If you do come back before me as a probation violator, I have you on an aggravated robbery charge, up to twenty years for which I can confine you. Do you understand that?

"[THE APPELLANT]: Yes, your Honor."

On February 22, 1973, appellant was arrested on charges of aggravated assault, burglary, and firearms violations. A detainer was lodged against appellant on February 24, and a probation violation hearing was scheduled for March 27, 1973, both within the period of probation. At that point, the parties agreed to postpone the hearing until after disposition of the new charges against appellant. Appellant, however, was not tried until November 6, 1974, when the lower court, sitting without a jury, found appellant guilty of all the charges. On December 18, 1974, the court sentenced appellant to a term of imprisonment of 2 to 4 years on the charge of aggravated robbery. On January 15, 1975, the lower court which placed appellant on probation in 1970 revoked probation and sentenced appellant to a term of imprisonment of 5 to 20 years. This appeal is from that judgment of sentence.

First, appellant contends that the 23 month delay between appellant's arrest on February 22, 1973, and the probation revocation hearing on January 15, 1975, amounts to a violation of due process.

■ It is well-settled that probation revocation proceedings must comport with due process. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656

(1973); *Commonwealth v. Davis,* 234 Pa.Super. 31, 336 A.2d 616 (1975), and that such a hearing must be held in a timely fashion. *Commonwealth v. White,* 218 Pa.Super. 188, 279 A.2d 768 (1971); see, also, *Commonwealth v. Jones,* 242 Pa.Super. 558, 364 A.2d 414 (1976). Rule 1409, Pa.R.Crim.P., 19 P.S. Appendix, provides that "[w]henever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole." In *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973), our Supreme Court made clear that if the probation violation is based on an arrest, probation may be revoked before disposition of the charge underlying the arrest:

". . . appellants argue that in the interest of judicial economy, a violation of probation hearing should not be conducted prior to the trial of the criminal charges which arose out of the same acts. However, we believe that the possibility of duplicating effort is far outweighed by other policies which dictate that the court's right to adjudicate a parole violation prior to the subsequent trial should not be curtailed. This is true because the basic objective of probation is to provide a means to achieve rehabilitation without resorting to incarceration. When it becomes apparent that the probationary order is not serving this desired end the court's discretion to impose a more appropriate sanction should not be fettered. Initially, when the court decides to impose a probation order it is only after first balancing the interest of society in protecting against possible future criminal behavior of the individual with the benefit he would receive by remaining free from prison. *Certainly, society has the right to expect a prompt hearing when a probationer has allegedly engaged in a course of criminal activity.*"

(Emphasis added). That is, *Kates* and Rule 1409 are grounded in *society's* interest in timely probation revocation. At the same time, in many instances, the accused has an interest in an early hearing. For example, in *Commonwealth v. White,* supra, the trial court placed appellant on probation in 1968. While appellant was tried on a subsequent offense within the probationary period, the probation revocation hearing was not scheduled until more than five months after trial and five weeks after the probationary period had ended. This Court held that when " '. . . the violation, which occurred during the probationary period, consists in the commission of a crime and the defendant pleads not guilty to that crime, the court should have the power to revoke the probation if it acts promptly after the trial at which the defendant is found guilty of the new crime.

" 'In each such case, the question reduces to whether the delay in the revocation and the imposition of the prison sentence is reasonable. It is sufficient that the court which imposed the probation should act promptly after the violation is discovered or, in the case of an accusation of crime, after the conviction, even though the probationary period has expired meanwhile.' " 218 Pa. Super. at 190, 279 A.2d at 769, citing *Commonwealth v. Duff,* 201 Pa.Super. 387, 395, 192 A.2d 258, 262–63 rev'd on other grounds 414 Pa. 471, 200 A.2d 773 (1964). See also, *Commonwealth v. Bomberger,* 214 Pa.Super. 429, 257 A.2d 630 (1969) ; *Commonwealth v. Ferguson,* 201 Pa.Super. 649, 193 A.2d 657 (1963). Similarly, we recently held that an unexplained nine and one-half month delay between conviction for the offense upon which the Commonwealth based revocation and the revocation hearing violates Rule 1409. *Commonwealth v. Jones,* supra.

In the instant case, the lower court postponed the final revocation hearing until after disposition of the criminal charges. The delay was twenty-three months.

Initially, the court gave appellant notice of the charges which he would have to answer at the revocation hearing. See *Gagnon v. Scarpelli,* supra. The court could have proceeded more quickly than it did to a second hearing in order to protect society by ordering appellant incarcerated. *Commonwealth v. Kates,* supra. It does not follow that appellant's right to due process was violated by the delay.

We find that the appellant's rights were not violated. At the initial hearing, he consented to the decision to postpone disposition of the probation violation until after trial. The arrest alone *might have been* sufficient to revoke probation. But the court's decision to postpone the case reflects a desire to protect the appellant. If appellant had been acquitted, the court may have found no probation violation. Undoubtedly, appellant's consent to the postponement was motivated by that hope.

[3] Appellant also contends that the 5 to 20 year sentence imposed after revocation was "increased" because the court felt that the 2 to 4 year sentence imposed after appellant's November 6, 1974 trial was too lenient.

The appellant cites no legal authority for his position. The appellant concedes that the sentence was within legal limits. See *Commonwealth v. Wrona,* 442 Pa. 201, 275 A.2d 78 (1971). Finally, the colloquy at the original sentencing hearing in 1970 indicates that the court viewed appellant's crime as a serious one and specifically stated that it would have sentenced appellant to a term of 5 to 20 years but for the favorable pre-sentence report. Cf. *Commonwealth v. Tomlin,* 232 Pa.Super. 147, 336 A.2d 407 (1975). We find no abuse of discretion.

Therefore, we affirm the judgment of sentence.