368 A.2d 746

COMMONWEALTH of Pennsylvania

v.

Michael DARBY, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Dec. 15, 1976.

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Deborah E. Glass and Steven H. Goldblatt, Asst. Dist. Attys., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

We must once again answer the question of whether or not an impermissibly long period of time elapsed between an alleged probation violation and a hearing on the matter of probation revocation. We are convinced that the period of time allowed to pass in the case at bar was too long, and we reverse.

On May 30, 1974, appellant entered a plea of guilty to a charge of robbery and was placed on probation for five years, conditioned on his entry into a drug rehabilitation center. During his stay at the center, appellant left the facility without permission on two occasions. On February 25, 1975, appellant was arrested and charged with robbery. In March of that year, detainer cards were issued by the probation officer in order to ensure that appellant remained in prison pending a probation revocation hearing. Appellant pleaded guilty to the robbery charge, and on August 11, 1975, he was sentenced to a six to twenty-three month prison term. The effective date of the sentence was February 25, 1975, thus, the minimum sentence had almost been served at the time of sentencing. The probation revocation hearing was held on April 5, 1976, some thirteen months after the arrest, and nearly eight months after appellant pleaded guilty to the criminal charge which was the basis for the revocation. Probation was revoked and appellant was sentenced to eighteen months to four years. This appeal followed.

We look first to Pa.R.Crim.P. 1409, which provides that probation shall not be revoked ". . . unless there has been a hearing held as speedily as possible at which

the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole." We recently held in *Commonwealth v. Jones,* 242 Pa.Super. 558, 364 A.2d 414 (1976), that a nine and one-half month delay between the adjudication on the probation violating offense and the probation revocation hearing was contrary to one of the elements of due process to be observed in probation revocation proceedings, that being the right to a speedy hearing. While in that case, as in the case at bar, probation was revoked within the original probationary period, we nonetheless held that the delay warranted the dismissal of the revocation petition. Even prior to the effective date of Rule 1409,[1] we held that a probation revocation hearing held five months after disposition of the probation-violating offense was not held in a reasonably prompt fashion. *Commonwealth v. White,* 218 Pa.Super. 188, 279 A.2d 768 (1971).

We have before us a delay of nearly eight months, only slightly less than that in *Commonwealth v. Jones,* supra, and during which time appellant was eligible for parole on the probation-violating offense. The record offers no explanation for this delay, and no facts are here present to suggest a holding different from the one in *Jones.* Consequently, we conclude that the thirteen month delay from the alleged violation of probation, and the nearly eight month delay from the disposition of charges arising out of that violation, deprived appellant of his right to a speedy hearing.

Judgment of sentence vacated, and probation reinstated.

1. Pa.R.Crim.P. 1409 became effective October 23, 1973.