## Commonwealth v. Trythall

*Eugene Maginnis, Assistant District Attorney,* for Commonwealth.

*Douglas M. Johnson, Assistant Public Defender,* for defendant.

SMILLIE, *J.*, August 18, 1978—Defendant, William Trythall, was arrested on October 4, 1977, and charged with theft of movable property and receiving stolen property. In a similar incident that was disposed of at the same time by the court, he was charged with theft by receiving and the unauthorized use of an automobile. On January 4, 1978, defendant pleaded guilty to and was convicted of both the theft of movable property and the unauthorized use of an automobile. The court, in lieu of sentence, placed defendant on probation for consecutive periods of two years for the theft and one year for the unauthorized use, or a total of three years.

Three months later, defendant was charged with violating his probation. Among the violations alleged was, first, that defendant was arrested on March 12, 1978, and charged with receiving stolen property, conspiracy and assorted motor vehicle violations, including driving a car with stolen license plates and driving without a license. The charges of receiving stolen property and conspiracy were dismissed and defendant was convicted of the motor vehicle violations and fined $200.

The second violation of his probation involved his failure to report to his probation officer as directed. During these visits defendant was to give urine specimens to detect the presence of drugs in defendant's system and to receive instructions as to job seeking. Defendant admitted, by stipulation, to the violation.

The third violation was defendant's failure to maintain employment or even to be employed for a *single day* during the probationary period, contrary to the direction of the probation officer.

Additionally, defendant ignored specific instructions of his probation officer not to purchase an auto-

mobile. He bought one in deliberate defiance of his instructions. These instructions were given defendant for his own good as he did not have a driver's license or the means to pay for registration and insurance on the car.

As a result of these acts and omissions, all within *three months* after his release, his probation officer recommended out-patient treatment for mental problems and a "period of incarceration . . . to get his attention a little bit more."

On March 30, 1978, the court found defendant guilty of violating his probation and revoked the order of January 4, 1978. Defendant was then sentenced to a term of not less than eight months or more than two years imprisonment.

Defendant has appealed, complaining that the sentence imposed was unduly harsh and severe.

It is well settled that probation gives a defendant an opportunity to demonstrate "he is worthy of the trust reposed in him that he will not again come in conflict with the criminal law." Com. v. Peterson, 172 Pa. Superior Ct. 341, 344, 94 A. 2d 582 (1953). It is only when such trust has been shown to be misplaced by a violation of probation that the court reconsiders its initial decision. In the present case, there were clear violations of probation, some of which were stipulated to by defendant.

Among these violations is the technical violation of failing to report to the probation officer. It is clear that this is, by itself, sufficient grounds for the court to revoke probation: Com. v. Newman, 225 Pa. Superior Ct. 327, 310 A. 2d 380 (1973).

The present decision, unlike Newman, is compelled by not only the technical violations but an arrest and conviction of defendant for a number of motor vehicle violations.

The sentence of defendant to imprisonment was also valid. Originally, defendant was released on probation in lieu of sentencing under the Act of August 6, 1941, P.L. 861, 61 P.S. §331.25. Unlike instances where defendant is sentenced and the sentence is suspended pending a period of probation, here there is no limitation on the court in sentencing, other than the maximum term permitted by the statute for the particular crime: Com. v. Cole, 222 Pa. Superior Ct. 229, 232, 294 A. 2d 824 (1972). The court also pointed out that the setting of a term of probation is not the same as setting a term of sentence in that the former "may not act as a limitation on the court to impose a sentence for a term of years greater than the probationary period."

It is the province of the trial court to establish the sentence with regard only to the maximum period allowed by law and the circumstances of the case. In the present case, defendant pleaded guilty to the theft of movable property, a felony of the third degree: Crimes Code, 18 Pa.C.S.A. §§3921(a), 3903(a). Defendant could have been sentenced to seven years imprisonment and to a fine of $15,000: 18 Pa.C.S.A. §§1103(3), 1101(2), at the direction of the trial court. Here, defendant was only committed to imprisonment for a maximum of two years, a time period well within the maximum allowed by law.

With respect to the harshness of the sentence, it is clear that defendant was well aware of the possible consequences of violating probation. The record of defendant's guilty plea indicates that he knew he would have to serve up to nine years in jail if given consecutive sentences of the maximum on the two crimes if a probation violation occurred.

"THE COURT: Do you understand that if you violate this (probation) you can get the whole thing and not just three years?

"THE DEFENDANT: Yeah.

"THE COURT: You could get three and a half to seven on one and two years on the other, consecutive, so you could get a good long time. Do you understand?

"THE DEFENDANT: Yes, I do.

"THE COURT: Don't violate it. I don't think you will.

"THE DEFENDANT: Okay.".

By questioning defendant, the trial court impressed upon him the severity with which it viewed the crimes and of the possible consequences of violating probation. Throughout the admonition, defendant indicated that he understood the court and yet, now, just three months later, he contends that an eight-month to two-year sentence, which is far short of the maximum, is too harsh.

In another case involving the violation of probation and subsequent sentencing of defendant, an appellate court found the sentence of the trial court to be valid and not an abuse of discretion even though the maximum term that the defendant could have served was four times the probationary period: Com. v. Sinclair, 245 Pa. Superior Ct. 287, 369 A. 2d 407 (1976). There, defendant was also made aware of the possible term to which he could have been sentenced and of the trust the court placed in him when he was given probation in lieu of sentencing. In that case, the admonition as to what term the offense would carry was considered by the appellate court as an indication of the seriousness of the crime as viewed by the trial court.

The appeals court then allowed the sentencing to stand, deferring to the judgment of the trial court.

These contentions of defendant are without merit. The decision of a trial court in determining the appropriate sentence of one convicted of a crime is entirely within its "broad discretion." Com. v. Cox, 441 Pa. 64, 70, 270 A. 2d 207 (1970). It has long been held that a sentence will only be reviewed where "it exceeds the statutorily prescribed limits or is so manifestly excessive as to constitute too severe a punishment." Com. v. Wrona, 442 Pa. 201, 206, 275 A. 2d 78 (1971); Com. v. Bilinski, 190 Pa. Superior Ct. 401, 154 A. 2d 322 (1959).

In the present case, defendant admitted to and was convicted of theft of another's motorcycle. Because probation was in lieu of sentencing, there was, in effect, an original sentencing of defendant: Com. v. Cole, supra. As such, it can hardly be contended that for a felony of the third degree the short sentence of eight months to two years is at all harsh. The revocation and sentencing should stand and defendant's appeal should be dismissed.