393 A.2d 1003

**COMMONWEALTH of Pennsylvania**

v.

**Michael JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided Nov. 3, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Michael R. Stiles, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

44

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The instant appeal arises from the revocation of appellant's parole following a hearing thereon. Appellant admits that the parole revocation procedure satisfied minimal due process requirements as delineated in *Morrisey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). See *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Instead, appellant contends that his parole revocation hearing was not held speedily enough after his convictions for the offenses which were the basis for revoking parole to satisfy the requirements of Pa.R.Crim.P., Rule 1409. We disagree.

On April 21, 1975 appellant entered a plea of guilty to a charge of robbery before Judge Judith Jamison and received a sentence of two and one-half to eighteen months in jail. Almost immediately thereafter appellant was admitted to parole. One year later, on April 29, 1976, appellant was arrested and charged with rape and indecent assault. Again, on June 30, 1976, appellant was arrested for robbery and related offenses. On September 2, 1976, appellant pleaded guilty to robbery and received the relatively light sentence of four to twenty-three months imprisonment. Although a parole revocation hearing had been scheduled for September 23, 1976, it was postponed pending the outcome of the outstanding rape and indecent assault charges. Appellant also pleaded guilty to these charges on October 20, 1976, for which he received a sentence of eleven and one-half to twenty-three months' imprisonment and two years of probation. Thereafter, a parole revocation hearing was scheduled for December 2, 1976, before Judge Jamison.

The hearing was not long underway when Judge Jamison indicated that she was not inclined to render a decision on appellant's parole without seeing a presentence investigation report as well as a psychiatric evaluation. Because appel-

lant's previous felonies had resulted in negotiated pleas of guilty, no such reports had ever been compiled with respect to appellant. The judge was understandably daunted by the fact that such serious offenses as rape and robbery had received such relatively mild sentences. As the judge stated at the hearing:

"I am delaying for six weeks hence so that I can have a further understanding of the defendant. I do not feel that I can properly evaluate a twice-convicted robber, and an individual convicted of rape, without the benefit of either a presentence investigation or a psychiatric evaluation. This man has had three negotiated pleas, I believe, and in that way has been able to avoid an intensive study."

.    .    .    .    .

"Sometimes the charge may sound more serious than the actual offense, and I see the man in the flesh, but I also have these records. His probation officer tells me there are some extenuating circumstances. I am trying not to shoot from the hip.   .   .   ."

This laudable concern for appellant's welfare proved fruitless, however, as the presentence investigation and psychiatric evaluation exacerbated appellant's already serious criminal record. Hence, on February 8, 1977, Judge Jamison revoked appellant's parole.

Rule 1409 of the Pennsylvania Rules of Criminal Procedure requires that a defendant receive a parole revocation hearing "as speedily as possible" following the authorities' discovery that a parole violation has occurred. On numerous occasions this court has been called to review the question of whether the rule has been violated and, consequently, has developed a tripartite balancing test in determining whether a post-conviction delay of a parole revocation hearing is reasonable: we consider the length of the delay, the reasons for the delay, and the prejudice to the defendant which flowed from the delay. *Commonwealth v. Waters*, 252 Pa. Super. 357, 361, 381 A.2d 957, 959 (1977). In weighing those considerations in the instant case, we find very little to

commend appellant's argument. On the contrary, appellant's interests throughout have been palpably foremost in Judge Jamison's decision-making.

First, the delay in the instant case was not so lengthy as those delays we have found offensive under Rule 1409. See, e. g., *Commonwealth v. Holmes*, 248 Pa.Super. 552, 375 A.2d 379 (1977) (23½ month delay); *Commonwealth v. Jones*, 242 Pa.Super. 558, 364 A.2d 414 (1976) (9½ month delay); *Commonwealth v. Darby*, 244 Pa.Super. 331, 368 A.2d 746 (1976) (8 month delay). In the instant case, if the effective date of the hearing is treated as December 2, 1976, as the Commonwealth argues, the hearing occurred three months after appellant entered a plea of guilty to robbery,* fully two months shorter than the five month delay we found inexcused in *Commonwealth v. White*, 218 Pa.Super. 188, 279 A.2d 768 (1971). But, see, *Commonwealth v. Waters*, supra. Furthermore, in *Commonwealth v. Parker*, 244 Pa.Super. 113, 366 A.2d 941 (1976), we held that parole revocation hearings may be postponed pending the disposition of intervening charges, in this case rape and indecent assault, with the period causing such delay discounted. Applying *Parker* to the case at bar would mean that appellant's revocation hearing occurred only six weeks after he tendered his plea of guilty to rape. Greater expedition could hardly be expected, much less demanded.

Second, in all instances the delays in this case occurred for the purpose of enabling Judge Jamison to better evaluate appellant's situation. Judge Jamison took great pains to determine whether parole had not proven to be an effective vehicle to accomplish appellant's rehabilitation and a sufficient deterrent against future antisocial conduct. *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973). Such

---

* Appellant contends that the parole revocation hearing must be treated as having occurred on February 8, 1977 rather than December 2, 1976, so that the delay was approximately five months after his guilty plea in the robbery offense. However, the continuation of the hearing from December to February was manifestly with appellant's best interests in mind, and defense counsel interposed no objection. See *Commonwealth v. Sinclair*, 245 Pa.Super. 287, 369 A.2d 407 (1976).

judicial concern should be encouraged rather than nullified by vacating the judgment of sentence in the instant case.

Finally, appellant has not demonstrated any prejudice arising from any of the delays which have occurred. The only effort he makes at showing prejudice is speculative. He suggests he might have been considered for a work release program at the prison were it not for the detainer which was outstanding against him until the December 2nd hearing. Given appellant's recent record of violence his chances for prompt placement on a work release program were dubious at best, and were so speculative as not to be probative of prejudice.

For the foregoing reasons, the judgment of sentence is affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.