419 A.2d 677

**COMMONWEALTH of Pennsylvania**

v.

**James REED, a/k/a Percy Rock, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed April 3, 1980.

---

96

Stephen F. Ritner, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

PER CURIAM:

On March 20, 1975, James Reed, appellant, plead guilty to a charge of theft by receiving stolen goods. He was placed on two years probation. In July of 1975, a probation revoca-

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania is sitting by designation.

tion hearing was held, but probation was continued. On November 10, 1976, as a result of Reed's conviction for possessing a controlled substance, another probation revocation hearing was held. Following the hearing, the previous probation was revoked, but a new two year probationary term was imposed.

On January 30, 1978, Reed was convicted of burglary, theft, and criminal conspiracy. As a result of these convictions, Reed's probation was revoked, and a judgment of sentence of two to seven years imprisonment was imposed. This appeal is from that judgment of sentence.

A history of the revocation proceeding is necessary to an intelligent evaluation of the issues presented. Following the January 30 convictions, a hearing was fixed for February 21, 1978 to show cause why Reed's probation should not be revoked. On the scheduled date, the hearing was continued to March 8 because no written report of the violation had been prepared. On March 8, the hearing was again continued because Reed had not been served with a copy of the report.

On March 22, 1978, the hearing ensued. Reed's counsel requested the hearing be continued because two of three witnesses who had been subpoenaed or ordered brought down from prison were not present. An affidavit from one of the witnesses, Nathanial Duckett, indicated Reed may have been innocent of the crimes for which he was convicted on January 30, 1978 and which served as the basis for the revocation proceeding. Further, defense counsel indicated the witnesses he wished to call would testify "on the issue of guilt or innocence" of the January 30 convictions.

The court explained it would not inquire into Reed's guilt or innocence on the underlying convictions because that had been finally determined by a jury. The court then took testimony from a probation officer. Essentially, that testimony established Reed's criminal record which included the January 30 convictions. At the conclusion of this testimony, a discussion ensued following which the court continued the hearing at defense counsel's request so the defense witnesses could be present.

On March 27, 1978, the hearing was reconvened. Two of Reed's witnesses were present, but did not testify. One witness was not called by Reed's counsel because he might incriminate himself. The other, Duckett, was not called because the court had indicated the proper forum to present testimony regarding Reed's guilt or innocence of the charges he was convicted of on January 30 was the post–verdict motions court on a claim of after–discovered evidence or ineffective counsel for failing to call witnesses which would have helped establish Reed's innocence. As a result, the hearing was continued to allow time for disposition of post–verdict motions filed following the January 30 convictions. But the court specifically advised Reed that Duckett would again be made available if Reed so desired.

The hearing reconvened on April 3, 1978, at which time Reed's counsel was granted a continuance because post–verdict motions on the underlying conviction had not yet been disposed of.

On June 13, 1978,[1] the hearing again reconvened. Defense counsel sought another continuance because the post–verdict motions were still awaiting disposition. The court denied the request for a further continuance.

. A probation officer testified and again recounted Reed's record which included the January 30 convictions. The court noted Duckett was present in court. Reed's counsel informed the court that witnesses were present whose testimony would help establish Reed's innocence of the charges he was convicted of on January 30, 1978, but that counsel had concluded these witnesses would more appropriately be called before the post–verdict motions court. Reed himself indicated he thought the witnesses should be called at the revocation hearing. The court then found Reed guilty of violating probation, but deferred sentencing.

1. Between March 27, 1978 and June 13, 1978, the hearing was continued five times on Reed's motion to await disposition of post–verdict motions. It was also continued three times during this period because of the probation officer's unavailability and once because the judge was presiding at a homicide trial.

On July 20, 1978, the hearing reconvened. Defense counsel asked the court to hear testimony regarding Reed's character from Duckett who was not present in court. The court pointed out that Duckett had been in court previously, but never took the stand. Reed himself engaged in a discussion with the court in which he detailed his history of drug involvement and treatment. The court then imposed sentence to be served at Graterford. Reed pointed out that Rockview had drug treatment programs, and the court stated it would recommend a transfer to Rockview.

In this appeal, three errors are alleged. First, Reed maintains defense counsel was ineffective[2] in not presenting the witnesses who were available at the revocation hearing and who, he says, would have helped establish his innocence of the underlying criminal charges. He also faults counsel for not presenting evidence, including the testimony of Duckett, to show Reed's involvement with treatment for drug addiction.

In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967), we said:

"Counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interest." [Emphasis in original.]

█ Reed's counsel clearly had a reasonable basis in not presenting the witnesses referred to at the revocation hearing. The record shows that these witnesses, including Duckett, would have testified to Reed's guilt or innocence of the charges of which he was convicted on January 30. Having been convicted of the charges, Reed could not relitigate his guilt or innocence at the probation revocation hearing. Cf. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593 (1972). The evidence of guilt or innocence was irrelevant at this hearing

**2.** Regarding the right to counsel at a probation revocation hearing, see *Commonwealth ex rel. Remeriez v. Maroney*, 415 Pa. 534, 204 A.2d 450 (1964). Cf. *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973); *Commonwealth v. Tinson*, 433 Pa. 328, 249 A.2d 549 (1969); Act of December 2, 1968, P.L. 1144, No. 358, § 6, *as amended*, 16 P.S. § 9960.6 (Supp. 1979–80).

and could have been properly presented only to the post–verdict motions court [3] as after–discovered evidence or as a basis for ineffective trial counsel. Hence, counsel's decision not to present these witnesses at the revocation hearing clearly had a rational basis.

■ Reed's claim of counsel's ineffectiveness for failure to present testimony of Reed's prior treatment for drug addiction is belied by the record. Reed himself testified as to his drug problems and court ordered treatment, and counsel argued for a program of treatment during Reed's confinement. Indeed, the court indicated it would recommend a transfer so Reed could receive drug treatment while incarcerated.

■ Second, Reed argues counsel was ineffective in that he requested eight continuances and thereby denied Reed the right to a speedy revocation hearing as required by Pa.R.Crim.P. 1409. The argument is devoid of merit.

Counsel requested the continuances in order to postpone a final decision in the revocation proceeding in the hope that post–verdict motions, filed after the January 30 convictions, would be successful. Clearly, this strategy had a reasonable basis designed to effectuate Reed's interest [4] even if a conviction or arrest would have been a sufficient basis on which to conduct the hearing. Had the post–verdict motions been sustained, Reed's chances of avoiding revocation of his probation would have been greatly enhanced.

Finally, Reed argues his right to a speedy revocation hearing was denied. This argument is also without merit.

■ The relevant period is that between the conviction of January 30, 1978 and the revocation hearing. *Commonwealth v. Jones*, 250 Pa.Super. 116, 378 A.2d 481 (1977). Furthermore,

> "[t]he sole question in every case of this type is whether the delay from the date of conviction to the date of

3. Post–verdict motions were denied.

4. Indeed, the record reflects Reed's knowledge of this strategy of presenting the witnesses to the post–verdict motions court.

revocation was reasonable. In assessing reasonableness, ₍ we must consider the length of the delay, the reasons for the delay and the prejudice to the defendant."

*Commonwealth v. Waters*, 252 Pa.Super. 357, 360–61, 381 A.2d 957, 959 (1977).

■ Instantly, the total delay is approximately five months, January 30 to June 13. The reason for most of the delay was Reed's attempts to postpone disposition of the revocation proceeding until after disposition of post–verdict motions filed following the January 30 convictions. Hence, unlike *Commonwealth v. White*, 218 Pa.Super. 188, 279 A.2d 768 (1971), where an unexplained delay of five months was found to be unreasonable, the delay here is explained and is in most part Reed's responsibility.[5] Hence, we conclude the delay was not unreasonable. See *Commonwealth v. Sinclair*, 245 Pa.Super. 287, 369 A.2d 407 (1976) (twenty–three month delay between violation and revocation hearing justified by consent to postponement until disposition of pending charges).

Judgment of sentence affirmed.

---

5.  Reed, in an argument related to ineffectiveness of counsel, attempts to disclaim any responsibility for the continuances by asserting defense counsel was unprepared. The record shows the continuances were sought for the reason set forth in the text, not because counsel was unprepared.